# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## NORTH COUNTY

## MINUTE ORDER

08CV455W

Date: 03/21/2008        Time: 01:30:00 PM      Dept: N-12

Judicial Officer Presiding: Judge Adrienne A. Orfield
Clerk: Monique Rodriguez

Bailiff/Court Attendant: Ladd, Andrea
ERM:
Reporter: , Nuttall, Terri

**FILED**

MAY 2 0 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Case Init. Date: 12/26/2007

Case No: 37-2007-00080647-CU-PT-NC     Case Title: Petition of Action Foreclosure Services, Inc.

Case Category: Civil - Unlimited        Case Type: Petitions - Other

---

Event Type: Hearing on Petition

---

**Appearances:**

---

Respondent Sherill Johnston present.

All parties submit(s) on the Court's tentative ruling.

The Court confirms the tentative ruling as follows:

TENTATIVE RULING:

:
This court, having received the Notice of Removal of State Action to Federal Court brought by the United States Attorney's Office, hereby effects the requested removal and directs the clerk of the Superior Court to prepare and transmit a copy of all pleadings in this matter to the United States District Court.

IT IS SO ORDERED.

The minutes are the order of the Court. No formal order is required.

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest: MAR 2 7 2008

Clerk of the Superior Court of the State of California, in and for the County of San Diego.

By _____ Deputy

V. Navarro

---

Date: 03/21/2008                 MINUTE ORDER                Page: 1
Dept: N-12                                               Calendar No.:

| Calendar No.: 0 **9** |
|---|
| Court Use Only |

## Superior Court of California
## County of San Diego

### SIGN-IN SHEET

**CASE:** 37-2007-00080647-CU-PT-NC - Petition of Action Foreclosure Services, Inc.

**EVENT TYPE:** Hearing on Petition

**EVENT DATE/TIME:** 03/21/2008  1:30 pm

**DEPARTMENT:** N-12

**JUDGE:** Adrienne A. Orfield

| ATTORNEY/PARTICIPANT NAME | CLIENT NAME | SIGNATURE |
|---|---|---|
| HANDLEY, LAUREL I | Action Foreclosure Services, Inc. [PET] | |
| NACHAND, CHARLES D | Johnston, Sherill [RSP] | *Sherill Johnston* |
| | | |
| | | |
| | | |
| | | |

THE LAW OFFICES OF CHARLES D. NACHAND
Charles D. Nachand (Bar No. 72068)
Demetri Lahanas, (Bar No. 185583)
Richard B. Hudson (Bar No. 140883)
451 South Escondido Boulevard
Escondido, California 92025
(760) 741-2665 (Telephone)
(760) 741-0396 (Facsimile)

Attorneys for Sherill Johnston

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

| | |
|---|---|
| Action Foreclosure Services, Inc. )<br><br>            Plaintiffs, )<br><br>   vs. )<br><br>and DOES 1 through 20, Inclusive, )<br><br>            Defendants. )<br>_____ ) | Case No.: 37-2007-00080647-CU-PT-NC<br><br>**DECLARATION OF SHERILL JOHNSTON IN SUPPORT OF RESPONSE TO PETITION, CLAIMS, PRIORITY LIENS AND REQUEST FOR PAYMENT BY RESPONDENT**<br><br>Date:  March 21, 2008<br>Time:  1:30<br>Dept:  12<br>Judge: Adrienne Orfield |

I, SHERILL JOHNSTON, declare as follows:

1. I was a joint owner and co-tenant of the properties in question.

2. I paid in excess of $25,142.00 in payments to establish the benefits for the property and to protect the first deed of trust from foreclosure for the benefit of the SPIKERS and DENNY JOHNSTON in this action.

3. But for the payments that I made on the property, the sums due and owing for principal and interest that I paid on behalf of those co-owners would have been taken in the foreclosure.

4. I did not intend to, do not believe I did, and certainly it was not to my benefit to merge any interest that I had with that of DENNY JOHNSTON.  My judgment and deed of trust from him were as a result of an adversarial divorce proceeding, were separate interests, and we were not the

---

In Re Vacant Land APNS 279-150-22 and 280-140-10; Declaration of S. Johnston In Response to Petition, etc.

1   same marital unit that originally bought and took title.

2        5.  MICHAEL and NANCY SPIKER were required to pay the property taxes on the

3   property as part of the requirements, while I was making additional payments on the property over

4   and above those noted above.  They did not make those payments and so my share was decreased

5   by an additional portion at the foreclosure which covered the taxes, which has not been calculated

6   herein.

7        6.  DEREK and NICOLE SPIKER were required to provide access, easements and other

8   benefits to the property to increase its value and allow its sale.  They never performed.  Further,

9   DEREK and NICOLE SPIKER did not make payments.

10       7.  I was never notified of the IRS lien or the EDD lien until 2007, and after I had ceased

11  making payments included above.

12       8.  I did not know of the SPIKERS' bankruptcy because they falsely represented they did

13  not know where I was or how to get in touch with me.  They have been to my house many times

14  and sent many payments there.  My address at the time we purchased the property until now is and

15  has been the same, and remains my primary personal residence.  Through my counsel we notified

16  the trustee of the misrepresentations concerning this property, the liens, its value, and notification

17  to myself.  I was informed the trustee chose not to re-open the matter and had no interest in the

18  SPIKERS, the property or the interests in any of those matters, and the abandonment would

19  remain.

20       Executed this 6th day of March, 2008 at Escondido, California.  I declare under penalty of

21  perjury that the foregoing is true and correct.

22

23                                                      Sherill Johnston

24

25

26

27

28

In Re Vacant Land APNS 279-150-22 and 280-140-10; Declaration of S. Johnston In Response to Petition, etc.

1  KAREN P. HEWITT
   United States Attorney
2

3  TOM STAHL, California State Bar No. 78291
   Assistant United States Attorney
   Chief, Civil Division
4

5  LAUREN M. CASTALDI
   Trial Attorneys, Tax Division
   U.S. Department of Justice
6  P.O. Box 683, Ben Franklin Station
   Washington, D.C. 20044-0683
7  Telephone:    (202) 514-9668
   Facsimile:    (202) 307-0054
8  E-mail:    lauren.m.castaldi@usdoj.gov

9  Attorneys for the United States of America

F I L E D
Clerk of the Superior Court

MAR 1 1 2008

By: L. MELIN-ALVAREZ, Deputy

10

11

12                  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                      FOR THE COUNTY OF SAN DIEGO, NORTHERN DIVISION

14  IN RE:                                )
                                          )    Case No. 37-2007-00080647-CU-PT-NC
15  VACANT LAND LOCATED IN SAN DIEGO )
    COUNTY APNS 279-150-22 AND 280-140-10)
16                                        )    NOTICE OF REMOVAL OF STATE
                                          )    ACTION TO FEDERAL DISTRICT
17                                        )    COURT
                                          )
18  ─────────────────────────────────────

19  TO:    CLERK OF COURT

20         PLEASE TAKE NOTICE that on or about the 10th day of March, 2008, counsel for the United States

21  filed in the Office of the Clerk of the United States District Court for the Southern District of California,

22  Edward J. Schwartz U.S. Courthouse, 940 Front Street, San Diego, CA 92101-8900, a Notice of Removal

23  effecting the removal of the above-captioned action from the above-entitled court to the United States District

24  Court.

25         This notice is filed with this Court pursuant to 28 U.S.C. § 1446. Pursuant to 28 U.S.C. § 1446(d),

26  once the Notice of Removal is filed in the District Court, this Court "shall effect the removal" and "shall

27  proceed no further unless and until the case is remanded" to this Court by the United States District Court.

28                                           -1-                              Notice of Removal

1           The Clerk of this Court should prepare and transmit to the United States District Court Clerk a copy

2    of all relevant pleadings contained on file in this matter.

3           DATED this 7th day of March, 2008.

4                                    KAREN P. HEWITT
                                 United States Attorney

5

6                                    TOM STAHL
                                 Assistant United States Attorney
                                 Chief, Civil Division

7

8

9                                    LAUREN M. CASTALDI
                                 Trial Attorneys, Tax Division
                                 U.S. Department of Justice

10                                   Attorneys for the United States of America

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      -2-                        Notice of Removal

1  KAREN P. HEWITT
   United States Attorney
2
   TOM STAHL, California State Bar No. 78291
3  Assistant United States Attorney
   Chief, Civil Division
4
   LAUREN M. CASTALDI
5  Trial Attorneys, Tax Division
   U.S. Department of Justice
6  P.O. Box 683, Ben Franklin Station
   Washington, D.C. 20044-0683
7  Telephone:    (202) 514-9668
   Facsimile:    (202) 307-0054
8  E-mail:    lauren.m.castaldi@usdoj.gov
9  Attorneys for the United States of America

F  i  L  E  D
Clerk of the Superior Court

MAR 11 2008

By: L. MELIN-ALVAREZ, Deputy

10

11                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                FOR THE COUNTY OF SAN DIEGO, NORTHERN DIVISION

13

14  IN RE:                              )
                                        )    Case No. 37-2007-00080647-CU-PT-NC
15  VACANT LAND LOCATED IN SAN DIEGO )
    COUNTY APNS 279-150-22 AND 280-140-10)
16                                      )    CERTIFICATE OF SERVICE
                                        )
17                                      )
    _____)
18

19          I HEREBY CERTIFY that service of the UNITED STATES' NOTICE OF REMOVAL, has been

20  made this 7th day of March, 2008, by United States' Mail to:

21
    Charles D. Nachad                        Denny Johnston
22  The Law Offices of Charles D. Nachad     c/o Taylor Pipeline, Inc.
    451 South Escondido Blvd.                2625 Las Palmas Avenue
23  Escondido, CA 92025                      Escondido, CA 92025
    Counsel for Sherrill Johnston
24                                           Denny Johnston
    Employment Development Department        44913 Silver Rose Street
25  800 Capital Mall MIC 92 H                Temecula, CA 92592-5541
    Sacramento, CA 94230
26

27

28                                    -1-                        Notice of Removal

| | |
|---|---|
| 1 | |

Derek Spiker
1855 Rainbow Valley Blvd
Fallbrook, CA 92028

Derek Spiker
19773 Ramona Trails Drive
Ramona, CA 92065

Michael Spiker
1855 Rainbow Valley Blvd
Fallbrook, CA 92028

Nancy Spiker
1855 Rainbow Valley Blvd
Fallbrook, CA 92028

Nicole Spiker
19773 Ramona Trails Drive
Ramona, CA 92065

Nicole Spiker
c/o THREE D ELECTRIC
1855 Rainbow Valley Blvd
Fallbrook, CA 92028

Denny Johnston
2625 Las Palmas Avenue
Escondido, CA 92025

Derek Spiker
2625 Las Palmas Avenue
Escondido, CA 92025

Nicole Spiker
2625 Las Palmas Avenue
Escondido, CA 92025

Michael Spiker
2625 Las Palmas Avenue
Escondido, CA 92025

Nancy Spiker
2625 Las Palmas Avenue
Escondido, CA 92025

Denny Johnston
1855 Rainbow Valley Blvd.
Fallbrook, CA 92028

Nicole Spiker
1855 Rainbow Valley Blvd.
Fallbrook, CA 92028

TARGET NATIONAL BANK
c/o Eskanos & Adler
Donald R. Stebbins/Janet L. Brown
Kurtiss A. Jacobs/Jerome M. Yalon
218950/84204
2325 Clayton Road
Concord, CA 94520

STATE OF CALIFORNIA
Employment Development Department
Lien Group, MIC 92G
P.O. Box 826880
Sacramento, CA 94280-0001

INDEPENDENT ELECTRIC SUPPLY, INC.
c/o CRF Solutions
P.O. Box 1389
Simi Valley, CA 93065

M and D ELECTRIC INC.
A California Corporation
19773 Ramona Trails
Ramona, CA 92065

LAUREN M. CASTALDI
Trial Attorney, Tax Division
U.S. Department of Justice

Attorney for the United States of America

-2-                                    Notice of Removal

1  THE LAW OFFICES OF CHARLES D. NACHAND
   Charles D. Nachand (Bar No. 72068)
2  Richard B. Hudson (Bar No. 140883)
   451 South Escondido Boulevard
3  Escondido, California 92025
   (760) 741-2665 (Telephone)
4  (760) 741-0396 (Facsimile)

5

6  Attorneys for Respondent Sherill Johnston

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

10

11                                    )  Case No.:  37-2007-00080647-CU-PT-NC
                                      )
   IN RE:                             )  RESPONSE TO PETITION, CLAIMS,
12                                    )  PRIORITY LIENS AND REQUEST FOR
   VACANT LAND LOCATED in SAN         )  PAYMENT BY RESPONDENT
13 DIEGO COUNTY APNS 279-150-22 AND   )
   280-140-10                         )  Date:   March 21, 2008
14 ─────────────────────────────────── )  Time:   1:30
                                      )  Dept:   12
15                                       Judge: Adrienne Orfield

16

17        Response to Petition, Identification of Priorities, Claims and Request for Payment by

18 Respondent SHERILL JOHNSTON.

19                                    I

20                              BACKGROUND

21        This was an attempt by six people to purchase raw land and develop the same. It ended with

22 a foreclosure by the first deed of trust, resulting in the excess proceeds which are before this court.

23 Respondent herein, SHERILL JOHNSTON (herein after JOHNSTON) has an ownership claim, a

24 secured claim (deed of trust and judgement) and has a priority subrogated priority lien and claim

25 for payment on behalf of all owners under the foreclosed, purchase money first deed of trust.

26        The property was purchased by Respondent JOHNSTON with her then husband DENNY

27 JOHNSTON (now her ex husband - dissolution filed 4/04; entered 3/05). Together they own a

28 one-third interest. The co-purchasers of the property were MICHAEL and NANCY SPIKER as to
   one-third, and DERRICK AND NICOLE SPIKER as to one-third. (DERRICK is the son of

───────────────────────────────────────────────────────

In Re Vacant Land APNS 279-150-22 AND 280-140-10: Response to Petition, etc.                    1

1    The foreclosed deed of trust in favor of DAVIS was secured by two of the original three

2    parcels (120 and 160 acres).  The overall property (160, 120 and 80 acres) did not have legal

3    access. The parties purchased 20 acres with access from the public road, granted themselves access

4    to the remaining parcels to create benefit for themselves and the parcels and then resold the 20

5    acres. Respondent JOHNSTON provided the funds for the access benefitting all parties and

6    parcels, and it was acknowledged and  agreed that she would be reimbursed from the proceeds of

7    the remaining properties.

8    As time went on, the SPIKERS decreased their contribution of payments made on the first

9    trust deed and claiming that they were paying the property taxes. The property taxes were NOT

10    paid by SPIKERS, it was a false representation.  That tax obligation was not paid by SPIKERS or

11    the other owners, including JOHNSTON, prior to the foreclosure sale on the first deed of trust.

12    Those payments and that representation of payments were by MICHAEL and NANCY

13    SPIKER. Toward mid to late 2005 no further payments were made by SPIKER at all. JOHNSTON

14    advanced the funds to protect the property and the first deed of trust while the parties attempted to

15    sell the property. SPIKERS actually signed a listing and promoted the sale of the property in

16    acceptance and reliance upon Respondent JOHNSTON'S payment to slow down foreclosure and to

17    preserve the property.

18    Unbeknownst to JOHNSTON, MICHAEL AND NANCY SPIKER incurred state and

19    federal tax obligations that are completely unrelated to the property. Those tax obligations became

20    liens upon the property (EDD claimant January of 2006;  IRS June of 2006).  SPIKERS did not

21    disclose or tell JOHNSTON about the liens and JOHNSTON received no information concerning

22    the same until 2007.

23    MICHAEL AND NANCY SPIKER filed a bankruptcy proceeding.  In the bankruptcy

24    proceeding they falsely represented that they did not know the location of SHERILL JOHNSTON

25    (her residence address has not changes since the 90's thru the present - SPIKERS have been to the

26    house on many occasions and sent multiple payments to the address).  They did not provide any

27    notice to Respondent JOHNSTON of their bankruptcy; and made false representations to the

28    bankruptcy court about their interest in the property as well as the value of the properties and the

1  liens on the property etc. . The bankruptcy trustee, primarily because of the liens of the EDD and

2  the IRS and the lack of other resources of the SPIKERS expressed no interest in pursuing the

3  misrepresentations or the property.  The trustee abandoned any interest therein.

4       The EDD and the IRS are liens upon the <u>resulting</u> interest of MICHAEL and NANCY

5  SPIKER. They have not foreclosed their liens nor assumed any interest in the title or ownership of

6  the property and their liens are solely upon the resultant rights of MICHAEL and NANCY

7  SPIKER.  (The EDD and IRS do not have ownership rights.)

8       The properties went into foreclosure and each of the SPIKERS were notified of the

9  foreclosure proceedings. The SPIKERS also contacted JOHNSTON, through the realtor, and ,made

10  inquiry about possible sales, the impact of the foreclosure, etc.  When the sale was completed there

11  were excess proceeds and all parties were notified. Only Respondent JOHNSTON, the IRS and the

12  EDD submitted claims to the foreclosure company. No other claims were made as required by

13  statute and the only valid claims in the inter pleader action that may be filed are Respondent

14  JOHNSTON (SHERIILL JOHNSTON), the EDD and the IRS. However under no interpretation,

15  scenario or circumstance are their sufficient funds available to pay the balance of the EDD/IRS

16  claims.  The IRS is second in time, recorded in excess of six months after the EDD claims on the

17  MICHAEL and NANCY SPIKER interests.  However, the IRS claims to have assessed prior to the

18  assessment by the EDD and also asserts that date of assessment is controlling rather than

19  recordation.  The EDD and IRS claims were recorded <u>after payment and obligation to</u>

20  <u>JOHNSTON</u>. The IRS is not a player in this particular foreclosure although their lien remains in

21  place on the surviving 80 acres as does the remaining balance of the EDD after partial payment

22  hereunder.

23                              **II**

24                      **<u>CURRENT STATUS</u>**

25       As noted above the foreclosing entity properly followed the statute and required that proper

26  statutory claims be made on the excess proceeds. All potential claimants were notified. The trustee

27  sale guarantee failed to note the recorded interest of respondent JOHNSTON in a judgement

28  against the interest of DENNY JOHNSTON recorded in May of 2005 more than seven months

---

1   prior to the EDD claim and a year prior to the IRS claim. However that judgment was proceeded by

2   a deed of trust on the DENNY JOHNSTON interest recorded in February 2005. As the proceeds do

3   not remotely approach the amount of either the deed of trust or the judgement and both of the

4   obligations are against the interest of DENNY JOHNSTON and establish JOHNSTON'S claims

5   and priorities on separate JOHNSTON interest (not the MICHAEL and NANCY SPIKER interest)

6   the mistake of the title guarantee does not appear to be of significance at this time.

7          JOHNSTON has protected the interest of <u>all parties</u> and has a <u>priority lien</u> for the

8   mandatory advances. The advances by the co-tenant, the priority by segregation of the advances

9   and payment as well as the provisions and policies of interest, equitable interest in the property and

10  un just enrichment provide that JOHNSTON will be reimbursed from the proceeds of the property

11  prior to any distribution to the owners.

12          JOHNSTON'S priority is established by the payments made under two circumstances:

13      (1)     JOHNSTON'S payments made prior to any recorded junior lien interest (i.e. EDD

14              or IRS) for the <u>benefit of all</u>, increasing the value of the property, protecting the

15              property interests of all priority interests. (If not so paid, the foreclosure would have

16              required and collected them as against the parties);

17      (2)     Where the advances and payments for the protection of the property are made for

18              the benefit of all, and made without <u>actual</u> knowledge of the subsequent junior lien

19              interest (EDD and IRS claims are constructive notice not actual notice), then the

20              advances remain a priority lien on the property.

21          In an abundance of caution, Respondent JOHNSTON notes that the priority lien  applies

22  not just to the additional interest of DENNY JOHNSTON, but also to the ownership interests of

23  DEREK and NICOLE SPIKER.  Those priority liens require the payment of those funds from the

24  one-third interest of DEREK and NICOLE SPIKER prior to any allocation or distribution of excess

25  funds to the remaining claimants' interests.  Therefore, even if there were some issue concerning

26  actual knowledge (there is none, there was no actual knowledge, neither the EDD, the IRS,

27  SPIKERS or any of them, ever advised JOHNSTON of their liens or obligations).  JOHNSTON

28  has a priority distribution right and claim on the ownership interest of DEREK and NICOLE

1  SPIKER.  As liened, identified and sought by JOHNSTON, this claim  would cause the priority

2  distribution <u>before</u> distribution of <u>excess proceeds</u> to the title holders.  JOHNSTON would

3  therefore receive the priority distribution from ownership interests whether from all parties or from

4  the non-liened property as a priority distribution of an ownership interest before there can be, - by

5  definition - "excess proceeds."

6        That priority payment made by JOHNSTON is the sum of Twenty-Five Thousand, One

7  Hundred and Forty-One Dollars and Sixty-Nine Cents ($25,141.69).  That priority lien bears

8  interest at legal rate of ten percent (10%).  Using the simple calculation after March 21, 2006 to

9  March 21, 2008, that is twenty-four (24) months or a total of Five Thousand Twenty-Eight Dollars

10  and Thirty-Four Cents ($5,028.34) for a grand total of Thirty Thousand, One Hundred Seventy

11  Dollars and Three Cents ($30,170.03).

12        The remaining balance of funds Forty-Five Thousand, Nine Hundred Seventy-Two Dollars

13  and Fifty-Eight Cents ($45,972.58) would thereafter be available for distribution. JOHNSTON

14  holds her one-sixth and the DENNY JOHNSTON one-sixth. The EDD holds the claims under the

15  MICHAEL and NANCY SPIKER one-sixth each (also a total of one-third).  The DERRICK and

16  NICOLE SPIKER interests did not make or assert the required claim to Action Foreclosure, and

17  have no right to any of the excess proceeds.  Pursuant to Civil Code Sections 2924(k)(a)(1 and 2)

18  and 2924(j)(a)(4)(C),  Action Foreclosure notified all parties of the requirement under the Code

19  that they make a demand in writing within 30 days of the date of sale and notification.  As noted

20  under oath by the Interpleader herein, only the IRS, the EDD and JOHNSTON made such

21  demands.  All other parties are clearly estopped and have waived any rights to assert any additional

22  claim (Civil Code Section 2924(j)(a)(4)(c)).

23        As a result thereof the EDD/IRS (as between them) and Respondent JOHNSTON split the

24  remaining funds half and half or Twenty-Two Thousand, Nine Hundred Eighty-Six Dollars and

25  Twenty-Nine Cents ($22,986.22) to JOHNSTON and the balance to the IRS/EDD as determined

26  between them.

27  /////

28  /////

# III

## LEGAL SUPPORT

A. <u>Merger</u>.  The Petition raises an issue of merger which is easily disposed of. Additionally the position of the IRS/EDD is between them, leaving the primary points of authority on the question of priorities and allocations between JOHNSTON and whichever tax entity establishes its priority as between them.

Case law states that merger requires a "unity" of title.... in any event, mere unity of possession is not enough. Further, the ownership of the two estates must be coextensive and equal in validity, quality and all other circumstances of right, *Beyer v. Tahoe Sands Resort*, (2005) 129 Cal. App. 4th 1458 at 1473 and 1474.

In this case we do not have this. JOHNSTON has an undivided one-third interest segregated by her dissolution of marriage into a one-sixth interest. She then holds a deed of trust <u>and</u> a judgment lien against the one-sixth of DENNY JOHNSTON. They are not coextensive nor the same. However the doctrine of merger is equitable and the case law clearly establishes that the merger does not occur unless it was the <u>intent</u> of the person having the multiple interests <u>and</u> merger must be in her best interest.

A merger does not always follow the union of a greater and lesser estate in the same ownership. The questions is one of intention, actual or presumed, of the person in whom the interests are united...., *Ito v. Schiller*, 1931) 213 Cal. 632;  *Strike v Trans-West Discount Corp.*, (1979) 92 Cal. App. 3rd 735 at 743).

"Equity will prevent or permit a merger, as will best subserve the purposes of justice, and the actual and just intent of the parties.... in the absence of an expression of intention, if the interests of the person in whom the several estates have united, as shown from all circumstances, would be best subserved by keeping them separate, the intent to do so will ordinarily be implied, *Jamison v. Hayward* (1895), 106 Cal. 682;  *Strike v. Trans West, supra*, at 743.  The same rules clearly establishing that under equity no merger occurs without essentially identical and complete unity of interest plus an intent to do so that is beneficial to the party with the multiple issues as fully identified and set forth in *First American Title Ins. Co. v. U.S.* (1988) 848 F.2d, 969 at 971

1    where the Federal Court cites *Strike, supra*; *ITO, supra* and *Jamison, supra*. Clearly in our instance

2    there is no merger of SHERILL JOHNSTON's interests and she maintains her separate ownership

3    interest, from her deed of trust and judgement against DENNY JOHNSTON and his interests.

4        B. IRS. The aforementioned *First American Title Insurance* Federal case also takes care of

5    the IRS questions. This is a Federal case in which the Title Insurance Co. and bank brought an

6    action to maintain the banks lien as senior over the IRS tax lien despite the fact that there had been

7    a foreclosure on the property and in fact the same occurred without notice to the IRS.

8        The equitable laws do apply to property issues. It is noted here and below the equitable lien

9    of SHERILL JOHNSTON as a co-tenant advancing funds for the protection of security establishes

10   the identified lien.

11       Subsequent priority of that lien is further established by the federal law itself. As noted in

12   the First American,  Supra, where the under lying equitable lien survived the foreclosure sale and

13   preexisted the recordation of the tax lien it has priority because it preexisted and was established

14   prior to the recordation of the tax lien. This may be irrelevant and handled below if the EDD lien is

15   in advance of the IRS lien.  If established, the EDD's asserted obligation exceeds the funds

16   available on the MICHAEL and NANCY SPIKER interests and eliminates and predates any IRS

17   claim.  If not, then the foregoing applies to the IRS.

18       C. EDD (also IRS). The updated Miller and Star California Real Estate (October 2007)

19   establishes Respondent JOHNSTON's equitable lien, created as a co-tenant has priority over the

20   junior lien of the EDD under the doctrine of EQUITABLE SUBROGATION.

21       Miller and Star California Real Estate 3d updated 2007 in Chapter 11, deals with recording

22   and priorities.  Section 11:107 establishes that advances by a co-tenant are in fact secured by a lien.

23   It specifically relates to Respondent JOHNSTON who is a co-tenant with the other five listed

24   owners. The EDD lien is a secondary attachment to the resultant    rights in MICHAEL and

25   NANCY SPIKER. JOHNSTON is entitled to a lien and not only does the lien encumber the

26   interest of the co-tenants, the lien can be foreclosed in order to recover the amounts advanced.

27   (Miller & Starr, *supra* at 11;107;  Section 12; 10).

28       Miller and Star deals directly with our situation whether are "junior" liens. Because

1    JOHNSTON payments were on the senior lien identified and preexisting to the junior lien (the

2    purchase money obligations on the property and the advances thereon prior to the recordation of

3    the EDD junior lien specifically have and create a lien to secure repayment that has priority over

4    the EDD junior lien) . JOHNSTON had no right of forcing an assignment from the senior lien

5    under the same rules. She is simply subrogated to the original, previous first/purchase money deed

6    of trust, and has priority as to her lien, based upon advances and payments made prior to and in

7    support of the property and the first deed of trust. Equitable subrogation is an exception to the

8    general rule of priorities. It is available not only prior to the recordation of junior liens but where a

9    junior lien holder has not provided <u>actual</u> notice but only <u>constructive</u> notice (i.e EDD lien

10    recordation). (See Civil Code Sections 2876, 2903, and 2904; Miller and Starr, *supra*, Chapter 11

11    Sec. 11;106). (As to the IRS, see also *In Re Destro* (9th Cir. 1982) 675 F.2d. 1037 at 1040 and

12    1041.)

13        The doctrine of equitable subrogation is to be applied liberally, *Continental Cas. Co. v.*

14    *Phoenix Construction Co.* (1956) 46 Cal App. 2nd 423 at 434.

15        The doctrine in its application is not only liberal but is based upon a balancing of the

16    equities and is applicable even as against constructive notice established by junior lien holders (i.e.

17    EDD/IRS). (See *Smith v. State Savings Loan Associations* (1985) 175 Cal App. 3rd 1092 at 1098-

18    1099; Miller and Star, *supra* 11;106). Equitable subrogation is based on a balancing of the

19    equities and the establishments of the rights of the parties, *Deiden v. Schmidt* (2003) 104 Cal App.

20    4th 645 at 654 *et seq*. Here, JOHNSTON was in the process of attempting to establish and preserve

21    the benefits and rights of the parties. The EDD benefits because of the protection of the property

22    (including the interest of SPIKER), and because equity establishes that JOHNSTON payments

23    would otherwise have come <u>out of the senior lien foreclosure</u> on an equal basis.

24        In fact, a case example provided by Miller and Star is <u>directly on all fours and on point</u>.

25    Although it reaches back to a hundred year old case (*Schaffer v. McCloskey*, (1894) 101 Cal App.

26    576 at 580 to 581) It is remarkably on point. It also contains in the third edition up to the October

27    2007 updates in Miller & Starr, the preeminent authority on real estate law in the State of

28    California.

---

1     The example provided deals with a co-tenancy where "a junior lien" was an encumbrance

2 only on the interests of the defaulting co-tenant (EDD as in our case - EDD on the MICHAEL and

3 NANCY SPIKER interest) the other co-tenant made payments for both on the debts secured by a

4 senior lien (as in our case JOHNSTON paid DAVIS, the senior lien) the equitable lien was

5 established and equitable subrogation applied. It was particularly noted that the junior lien holder

6 was nor prejudiced by the preservation of the lien right and further, that the paying tenant never

7 had an intent to benefit the junior lien holder by improving their equity position. (And she could

8 not have as she did not know they existed) (See *Schaffer, supra*, and Miller and Star, *supra*, at

9 11;107).

10     The circumstances are supportive and spelled out in the more recent case of *Snider v.*

11 *Basinger,* (1976) 61 Cal App. 3rd 819 at 823-824.

12     The *Snider* Court goes further and specifically identifies that a reconveyance of the first

13 deed of trust places the plaintiff (Respondent JOHNSTON in this case) in a superior position to

14 subsequent junior liens with a priority senior to the that of those junior encumbrancers. *(Snider,*

15 *supra,* at 825)  Pursuant to *In Re Destro* and others, the IRS application is within the confines of

16 the foregoing.

17     Respondent JOHNSTON is entitled to priority distribution of $30,170.03.  Thereafter the

18 remaining proceeds must be split according to the one-third ownership held by JOHNSTON in the

19 form of her own ownership and secured rights of DENNY JOHNSTON in equality and equal

20 proportion to the one-third residual interest controlled by the EDD on the MICHAEL and NANCY

21 SPIKER interests. Since the two one-third interests are equal and after priority for the equitable

22 subrogated liens, the remaining proceeds are split equally.

23     The Court's disposition of proceeds should be Fifty-Three Thousand, One Hundred Fifty-

24 Six Dollars and Thirty-Two Cents ($53,156.32 to JOHNSTON, and Twenty-Two Thousand, Nine

25 Hundred Eighty-Six Dollars and Twenty-Nine Cents ($22,986.29) to the EDD on the MICHAEL

26 and NANCY SPIKER interest.  If their is interest on the proceeds, it should be split in direct

27 proportion to those interests or seventy (70%) percent to JOHNSTON and thirty (30%) percent to

28 the EDD/IRS.

**V**

**SUMMARY**

JOHNSTON is the primary claimant with a priority distribution which is less then the total of funds available. She than becomes a co equal claimant with the next lien holder on a claimed interest (MICHAEL and NANCY SPIKER) in equal shares. The completion and determination thereof is a matter of arithmetic.

The law as cited and noted hereinabove is clear. It goes back over 100 years, and even in current treatise authority because of the direct clarity of the positions.

This is an equitable lien issue. In this case JOHNSTON has been the sole and only responsible person out of the six who originally entered into the arrangement. DEREK and NICOLE SPIKER have done nothing. They did not undertake the obligations they agreed to at the time to obtain other access and easements to the property; they did not make proper payments; and there was a small, minor judgment against them that did not act. MICHAEL and NANCY SPIKER and DENNY JOHNSTON both filed bankruptcies and attempted to either misrepresent and conceal assets, obligations and/or preclude or prevent notice to SHERILL JOHNSTON, or all of those things in a disingenuous and inequitable fashion. DENNY JOHNSTON has failed to pay SHERILL JOHNSTON monies that he received, and she had both a deed of trust and judgment against him. Further, there is another obligation for his outstanding back unpaid child support for thousands and thousands of dollars in favor of SHERILL JOHNSTON. All of the equities cry out for SHERILL JOHNSTON to be reimbursed for attempting to protect and preserve an asset which ultimately, because of the marketplace, because of the failures of the co-tenants, and because of their own inappropriate actions (various judgments against them), have left Respondent SHERILL JOHNSTON with no recourse other than through this property. The subsequent lien of the EDD/IRS is strictly a resultant lien and attaches only to the left over interests of MICHAEL and NANCY SPIKER. The fact that there remains some portion of the DEREK and NICOLE SPIKER

/////

/////

/////

1    interests after the priority distribution to JOHNSTON actually creates a windfall for the EDD

2    despite the substantial pre-existing, priority lien of JOHNSTON.

3          It is respectfully requested that the Court order the distribution of funds as set forth above.

4          Respectfully submitted.

5    Dated: March 5, 2008                    LAW OFFICES OF CHARLES NACHAND

6

7                                            By: _____

8                                            Charles D. Nachand, Attorney for
                                             SHERILL JOHNSTON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose<br>MAILING ADDRESS: 325 S. Melrose<br>CITY AND ZIP CODE: Vista, CA 92081<br>BRANCH NAME: North County<br>TELEPHONE NUMBER: (760) 940-4581 | |
| PLAINTIFF(S) : Action Foreclosure Services, Inc. | |
| DEFENDANT(S) : | |
| PETITION OF ACTION FORECLOSURE SERVICES, INC. | 02/02/2008 |

| NOTICE OF CASE REASSIGNMENT | CASE NUMBER:<br>37-2007-00080647-CU-PT-NC |
|---|---|

**Filed :** 12/13/2007

**EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED**

to Department N-12

due to the following reason:   Re-assigned for all purposes due to judicial move

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

ORIGINAL

1  JOHN D. DUNCAN (CA SBN 179560)
   PETER J. SALMON (CA SBN 174386)
2  LAUREL I. HANDLEY (CA SBN 231249)
   PITE DUNCAN, LLP
3  525 E. Main Street
   P.O. Box 12289
4  El Cajon, CA 92022-2289
   Telephone: (619) 590-1300
5  Facsimile: (619) 590-1385

6  Attorneys for Petitioner Action Foreclosure Services, Inc.

7

8                  SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF SAN DIEGO - NORTH COUNTY

10

11  IN RE:                              Case No.: 37-2007-00080647-CU

12  JULIAN ROAD EAST, HWY. 78.
                                         PROOF OF SERVICE

13         I, the undersigned, declare: I am, and was at the time of service of the papers herein referred
    to, over the age of 18 years, and not a party to this action. My business address is 525 East Main
14  Street, El Cajon, California 92020.

15         On ___2-11-_____, 2008, I served the following documents:

16  1.    NOTICE OF CASE REASSIGNMENT

17  on the parties in this action addressed as follows:

18  Denny Johnston                       Denny Johnston
    C/O Taylor Pipeline, Inc.            44913 Silver Rose Street
19  2625 Las Palmas Avenue               Temecula, CA 92592
    Escondido, CA 92025
20
    Derek Spiker                         Derek Spiker
21  1855 Rainbow Valley Blvd.            19773 Ramona Trails Drive
    Fallbrook, CA 92028                  Ramona, CA 92065
22

23  Michael Spiker                       Nancy Spiker
    1855 Rainbow Valley Blvd.            1855 Rainbow Valley Blvd.
24  Fallbrook, CA 92028                  Fallbrook, CA 92028

25
    Nicole Spiker                        Sherill Johnston
26  19773 Ramona Trails Drive            2625 Las Palmas Avenue
    Ramona, CA 92065                     Escondido, CA 92025
27

28  Nicole Spiker                        Denny Johnston
    C/O Three D Electric                 2625 Las Palmas Avenue
    1855 Rainbow Valley Blvd             Escondido, CA 92025
    Fallbrook, CA 92028

FILED
NORTH COUNTY DIVISION
2008 FEB 13  AM 11: 38
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

| | |
|---|---|
| 1 | Derek Spiker<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 |
| 2 | |
| 3 | |
| 4 | Michael Spiker<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 |
| 5 | |
| 6 | Sherill Lynne Johnston<br>2625 Las Palmas Avenue |
| 7 | Escondido, CA 92025 |
| 8 | |
| 9 | Sherill Johnston<br>1855 Rainbow Valley Blvd.<br>Fallbrook, CA 92028 |
| 10 | |

1  Derek Spiker
   2625 Las Palmas Avenue
2  Escondido, CA 92025

3

   Michael Spiker
4  2625 Las Palmas Avenue
   Escondido, CA 92025

5

6  Sherill Lynne Johnston
   2625 Las Palmas Avenue
7  Escondido, CA 92025

8

   Sherill Johnston
9  1855 Rainbow Valley Blvd.
   Fallbrook, CA 92028

10

11 Target National Bank
   C/O Eskanos & Adler
12 Donal R. Stebbins/Janet L. Brown
   Kurtiss  A.  Jacobs/Jerome  M.  Yalon
13 218950/84204
   2325 Clayton Road
14 Concord, CA 94520

15

   Laguna Niguel District
16 Internal Revenue Service
   S:C:F:TS:W:AREA 14:GROUP 15
17 24000 Avila Road, M/S 5905
   Laguna Niguel, CA 92677

18

19 Internal Revenue Service
   Post Office Box 145585 Stop 8420G
20 Cincinnati, OH 45250

21

   M and D Electric Inc.
22 A California Corporation
   19773 Ramona Trails
23 Ramona, CA 92065

24

25 Charles D. Nachand
   The Law Offices of Charles D. Nachand
26 447 South Escondido Blvd.
   Escondido, CA 92025

27

28 Employment Development Department
   800 Capitol Mall Mic 92 H
   Sacramento, CA 94230


Nicole Spiker
2625 Las Palmas Avenue
Escondido, CA 92025


Nancy Spiker
2625 Las Palmas Avenue
Escondido, CA 92025


Denny Johnston
1855 Rainbow Valley Blvd.
Fallbrook, CA 92028


Nicole Spiker
1855 Rainbow Valley Blvd.
Fallbrook, CA 92028


State of California Employment Development
Department
Lien Group, MIC 92G
P.O. Box 826880
Sacramento, CA 94280-0001


Internal Revenue Service
Stop 5021/ Advisory Unit 1/RM 4062
300 N. Los Angeles Street
Los Angeles, CA 90012
Attn: Technical Support Territory Mgr.


Independent Electric Supply, Inc.
C/O CRF Solutions
Post Office Box 1389
Simi Valley, CA 93062


Laguna Nigel District/Area 16
Internal Revenue Service
24000 Avila Road, Stop 5905
Laguna Nigel, CA 92677
Attn: Technical Support Territory Mgr
Advisor: K. Ripp 702-868-5063


Charles D. Nachand
The Law Offices of Charles D. Nachand
451 South Escondido Boulevard
Escondido, CA 92025-4813

1592564.wpd

1  **_X_  BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above. I am readily familiar with the firm's practice of collection and processing correspondence for
2  mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal
3  cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

4
   **___  BY CERTIFIED MAIL:** I placed a true copy in a sealed envelope addressed as indicated
5  above via certified mail, return receipt requested.

6  **___  BY FACSIMILE:** I personally sent to the addressee's facsimile number a true copy of the above-described document(s). I verified transmission with a confirmation printed out by the
7  facsimile machine used. Thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.

8
   **___  BY FEDERAL EXPRESS:** I placed a true copy in a sealed Federal Express envelope
9  addressed as indicated above. I am familiar with the firm's practice of collection and processing correspondence for Federal Express delivery and that the documents served are
10 deposited with Federal Express this date for overnight delivery.

11     I declare under penalty of perjury under the laws of the State of California that the foregoing
   is true and correct.
12
       Executed on _2-11-_____, 2008, at El Cajon, California.
13

14                          _Rosalynn B. Salarda_
15                          ROSALYNN B. SALARDA
16
17
18
19
20
21
22
23
24
25
26
27
28

1592564.wpd

1  JOHN D. DUNCAN (CA SBN 179560)
   PETER J. SALMON (CA SBN 174386)
2  LAUREL I. HANDLEY (CA SBN 231249)
   PITE DUNCAN, LLP
3  525 E. Main Street
   P.O. Box 12289
4  El Cajon, CA 92022-2289
   Telephone: (619) 590-1300
5  Facsimile: (619) 590-1385

6  Attorneys for Petitioner Action Foreclosure Services, Inc.

7

8                        SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF SAN DIEGO - NORTH COUNTY

10

11 IN RE: VACANT LAND LOCATED IN SAN        Case No.: 37-2007-00080647-CU-PT-NC
   DIEGO COUNTY APNS 279-150-22 AND
12 280-140-10
                                            PROOF OF SERVICE
13        I, the undersigned, declare: I am, and was at the time of service of the papers herein referred
   to, over the age of 18 years, and not a party to this action.  My business address is 525 East Main
14 Street, El Cajon, California 92020.

15        On _____ I - 17 - 08 _____, 2008, I served the following documents:

16    1.    **NOTICE OF ORDER AND OF NO FURTHER APPEARANCES;**

17    2.    **NOTICE OF CASE ASSIGNMENT; and**

18    3.    **NOTICE OF HEARING**

19 on the parties in this action addressed as follows:

20 Denny Johnston                           Denny Johnston
21 C/O Taylor Pipeline, Inc.                44913 Silver Rose Street
   2625 Las Palmas Avenue                   Temecula, CA 92592
22 Escondido, CA 92025

   Derek Spiker                             Derek Spiker
23 1855 Rainbow Valley Blvd.                19773 Ramona Trails Drive
   Fallbrook, CA 92028                      Ramona, CA 92065
24
   Michael Spiker                           Nancy Spiker
25 1855 Rainbow Valley Blvd.                1855 Rainbow Valley Blvd.
   Fallbrook, CA 92028                      Fallbrook, CA 92028
26
   Nicole Spiker                            Sherill Johnston
27 19773 Ramona Trails Drive                2625 Las Palmas Avenue
   Ramona, CA 92065                         Escondido, CA 92025
28
   Nicole Spiker                            Denny Johnston
   C/O Three D Electric                     2625 Las Palmas Avenue
   1855 Rainbow Valley Blvd                 Escondido, CA 92025
   Fallbrook, CA 92028

1

Derek Spiker
2625 Las Palmas Avenue
Escondido, CA 92025

Nicole Spiker
2625 Las Palmas Avenue
Escondido, CA 92025

2

3

Michael Spiker
2625 Las Palmas Avenue
Escondido, CA 92025

Nancy Spiker
2625 Las Palmas Avenue
Escondido, CA 92025

4

5

Sherill Lynne Johnston
2625 Las Palmas Avenue
Escondido, CA 92025

Denny Johnston
1855 Rainbow Valley Blvd.
Fallbrook, CA 92028

6

7

Sherill Johnston
1855 Rainbow Valley Blvd.
Fallbrook, CA 92028

Nicole Spiker
1855 Rainbow Valley Blvd.
Fallbrook, CA 92028

8

9

Target National Bank
C/O Eskanos & Adler
Donal R. Stebbins/Janet L. Brown
Kurtiss A. Jacobs/Jerome M. Yalon
218950/84204
2325 Clayton Road
Concord, CA 94520

State of California Employment Development
Department
Lien Group, MIC 92G
P.O. Box 826880
Sacramento, CA 94280-0001

10

11

12

13

Laguna Niguel District
Internal Revenue Service
S:C:F:TS:W:AREA 14:GROUP 15
24000 Avila Road, M/S 5905
Laguna Niguel, CA 92677

Internal Revenue Service
Stop 5021/ Advisory Unit 1/RM 4062
300 N. Los Angeles Street
Los Angeles, CA 90012
Attn: Technical Support Territory Mgr.

14

15

16

Internal Revenue Service
Post Office Box 145585 Stop 8420G
Cincinnati, OH 45250

Independent Electric Supply, Inc.
C/O CRF Solutions
Post Office Box 1389
Simi Valley, CA 93062

17

18

M and D Electric Inc.
A California Corporation
19773 Ramona Trails
Ramona, CA 92065

Laguna Nigel District/Area 16
Internal Revenue Service
24000 Avila Road, Stop 5905
Laguna Nigel, CA 92677
Attn: Technical Support Territory Mgr
Advisor: K. Ripp 702-868-5063

19

20

21

Charles D. Nachand
The Law Offices of Charles D. Nachand
447 South Escondido Blvd.
Escondido, CA 92025

Charles D. Nachand
The Law Offices of Charles D. Nachand
451 South Escondido Boulevard
Escondido, CA 92025-4813

22

23

24

Employment Development Department
800 Capitol Mall Mic 92 H
Sacramento, CA 94230

25

26

__X__ **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above. I am
readily familiar with the firm's practice of collection and processing correspondence for
mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course
of business. I am aware that on motion of party served, service is presumed invalid if postal
cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

27

28

2

1481950.wpd

1   ___   **BY CERTIFIED MAIL:** I placed a true copy in a sealed envelope addressed as indicated above via certified mail, return receipt requested.

2

3   ___   **BY FACSIMILE:** I personally sent to the addressee's facsimile number a true copy of the above-described document(s). I verified transmission with a confirmation printed out by the facsimile machine used. Thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.

4

5   ___   **BY FEDERAL EXPRESS:** I placed a true copy in a sealed Federal Express envelope addressed as indicated above. I am familiar with the firm's practice of collection and processing correspondence for Federal Express delivery and that the documents served are deposited with Federal Express this date for overnight delivery.

6

7

8     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

9     Executed on ____1-17-08_____, 2008, at San Diego, California.

10

11                    _____
                   ROSALYNN B. SALARDA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1481950.wpd

1  JOHN D. DUNCAN (CA SBN 179560)
   PETER J. SALMON (CA SBN 174386)
2  LAUREL I. HANDLEY (CA SBN 231249)
   PITE DUNCAN, LLP
3  525 E. Main Street
   P.O. Box 12289
4  El Cajon, CA 92022-2289
   Telephone: (619) 590-1300
5  Facsimile: (619) 590-1385

6  Attorneys for Petitioner Action Foreclosure Services, Inc.

7

8                    SUPERIOR COURT OF CALIFORNIA

9            COUNTY OF SAN DIEGO - NORTH COUNTY

10

11 | IN RE: VACANT LAND LOCATED IN SAN | Case No.:  37-2007-00080647-CU-PT-NC
   | DIEGO COUNTY APNS 279-150-22 AND |
12 | 280-140-10 | UnLimited Jurisdiction
13 | | NOTICE OF ORDER AND OF NO FURTHER APPEARANCES
14 | | [Amount Demanded Exceeds $25,000.00]

15      TO ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:

16          PLEASE TAKE NOTICE that on December 27, 2007, the Superior Court of California,

17  County of San Diego - North County, Case No.: 37-2007-00080647-CU-PT-NC, executed an Order

18  to deposit funds that discharged Petitioner Action Foreclosure Services, Inc. of further responsibility

19  to make appearances in this matter and disburse the surplus sale proceeds.  (Order attached hereto

20  as **Exhibit A.**)  In accordance with this Order, Petitioner will not make further appearances in this

21  action.

22  Dated:  1/17/08                          PITE DUNCAN, LLP

23

24                                           *Laurel I Handley*

25                                           LAUREL I. HANDLEY
                                             Attorney for Petitioner Action Foreclosure Services,
26  1481934.wpd                              Inc.

27

28

                                    -1-

# Exhibit A



FILED
Clerk of the Superior Court

DEC 2 7 2007

By: Josie Castillo

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO - NORTH COUNTY

| IN RE:<br><br>VACANT LAND LOCATED IN SAN DIEGO COUNTY APNS 279-150-22 AND 280-140-10 | Case No.: **37-2007-00080647-CU-PT-NC**<br><br>UnLimited Jurisdiction<br><br>ORDER TO DEPOSIT SURPLUS FUNDS<br><br>[Amount Demanded Exceeds $25,000.00] |

The Court, having reviewed the Petition filed herein and upon the application of the Trustee to allow the Clerk of the Court to deposit funds with the County Treasurer,

IT IS ORDERED THAT:

The Clerk shall receive the sum of $76,142.61, made payable to Superior Court of California, and shall deposit said amount with the County Treasurer, minus any reasonable fee that the Clerk may charge;

IT IS FURTHER ORDERED THAT the Petitioner, Action Foreclosure Services, Inc., as Trustee, is hereby discharged of further responsibility for the disbursement of sale proceeds pursuant to Civil Code section 2924j(c) and is not required to make further appearances in this matter; and

IT IS FURTHER ORDERED THAT within 90 days after deposit, the Court shall consider all claims filed at least 15 days before the date on which the hearing is scheduled by the Court pursuant to Civil Code section 2924j(d). The Clerk shall schedule and serve written notice of the hearing by first-class mail on all claimants identified in Petitioner's declaration at the addresses specified therein. The Petitioner has supplied the Court with pre-addressed envelopes for the Clerk's

-1-
ORDER TO DEPOSIT SURPLUS FUNDS

1  convenience.

2

3  Dated: _____DEC 2 7 2007_____          s / MARTIN STAVEN

4                                        JUDGE OF THE SUPERIOR COURT

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER TO DEPOSIT SURPLUS FUNDS          1322076.wpd

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):

*Petition of Action Foreclosure Services*

TELEPHONE NO.:                    FAX NO.:

ATTORNEY FOR (Name):

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- [ ] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- [ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- [ ] FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3294
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF(S)/PETITIONER(S)/IN THE MATTER OF,

DEFENDANT(S)/RESPONDENT(S)

**REMITTANCE OF STATUTORY FEES**

CASE NUMBER - PARCEL NUMBER

*80647*

Attached is [ ] cash [X] check # *7085* tendered on behalf of:

- [ ] Ptf _____
- [ ] Dft _____
- [X] Other *Interpleader Hrgs - Order to deposit surplus funds in the amount:*

DATE:
TIME:
PLACE:

*$76,142.61*

collected as the statutory fee for:

or NO FEE [ ] Forma Pauperis        [ ] Government Agency (GC 6103)

| | FMS | AMOUNT | CODE § | DESCRIPTION |
|---|---|---|---|---|
| [ ] | CX | $550.00 | GC 70616(a) | Civil Complex Litigation Fee - Plaintiff |
| [ ] | RX | $550.00 | GC70616(b) | Civil Complex Litigation Fee - Response - Each Defendant - ($10,000 cap) |
| [ ] | MF | $40.00 | GC70617(a) | Motions: including, request for continuance of trial, new trial, ex parte requiring notice |
| [ ] | MJ | $200.00 | GC70617(d) | Motion for Summary Judgment/Adjudication. |
| [ ] | FX | $40.00 | GC70677(a) | Motion or OSC - Family Law |
| [ ] | UR | $320.00 | GC70612 | Answer/Response/First Paper – Unlimited civil |
| [ ] | MD | $320.00 | GC70670(d) | Answer/Response/First Paper - Dissolution - Family Law |
| [ ] | DR | $320.00 | GC70670(c) | Answer/Response/First Paper - Other than Dissolution - Family Law |
| [ ] | QU | $300.00 | GC70614(a) | Answer – Limited Civil (demand over $10,000 and less than $25,000) |
| [ ] | FA | $180.00 | GC70614(b) | Answer – Limited Civil (demand $10,000 or less) |
| [ ] | WE | $15.00 | GC70626(a)(1) | Issuance of Writ of Execution/Attachment/Possession, etc. |
| [ ] | AU | $15.00 | GC70626(a)(2) | Issuance of Abstract of Judgment |
| [ ] | OS | $20.00 | GC70626(b)(1) | Issuance of Order of Sale |
| [ ] | SI | Varies | CCP177.5 | Money Sanctions |
| [ ] | IJ | $150.00 | CCP631(b) | Jury Fees – Initial |
| [ ] | CJ | Varies | CCP631(c) | Jury Fees – Subsequent |
| [ ] | RN | $140.00 | GC70619 | Reclassification Fee (CCP403.060) |
| [ ] | CF | $15.00 | GC70626(a)(4) | Certification |
| [ ] | OD | $20.00 | GC70626(b)(5) | Issuing Commission to take deposition out of State – **Fee Per Commission** |
| [ ] | NH | $20.00 | GC70617(c)(2) | Stipulation and Order without hearing (No Fee for Stip that does not require an order) |
| [ ] | MZ | $40.00 | GC70657(a) | Petition to withdraw funds from blocked account |
| [ ] | VE | $50.00 | GC70618 | Change of Venue |
| [ ] | NH | $20.00 | GC70617(c)(1) | Request/application/motion for/or notice of continuance of hearing or CMC |
| [ ] | RF | Varies | GC68086(a)(1)-(3) | Court Reporter (Courtroom Clerk Use) [ ] $646.00 Full Day [ ] $323.00 Half Day |
| [ ] | RQ | Varies | GC69953.5 | Second Reporter on a Civil Daily [ ] $284.00 Full Day [ ] $142.00 Half Day |

[ ] Other _____

Clerk's Name: _____        Department: _____

SDSC ADM-73(Rev. 7-08)        **REMITTANCE OF STATUTORY FEES**        Page 1 of 2

1

2

3

4

5

6

7

F I L E D

Clerk of the Superior Court

DEC 2 7 2007

By: Josie Castillo

8          SUPERIOR COURT OF CALIFORNIA

9          COUNTY OF SAN DIEGO - NORTH COUNTY

10

11   IN RE:

12   VACANT LAND LOCATED IN SAN
     DIEGO COUNTY APNS 279-150-22 AND
13   280-140-10

14

Case No.:  **37-2007-00080647-CU-PT-NC**

UnLimited Jurisdiction

ORDER TO DEPOSIT SURPLUS FUNDS

[Amount Demanded Exceeds $25,000.00]

15          The Court, having reviewed the Petition filed herein and upon the application of the Trustee

16   to allow the Clerk of the Court to deposit funds with the County Treasurer,

17          IT IS ORDERED THAT:

18          The Clerk shall receive the sum of $76,142.61, made payable to Superior Court of California,

19   and shall deposit said amount with the County Treasurer, minus any reasonable fee that the Clerk

20   may charge;

21          IT IS FURTHER ORDERED THAT the Petitioner, Action Foreclosure Services, Inc., as

22   Trustee, is hereby discharged of further responsibility for the disbursement of sale proceeds pursuant

23   to Civil Code section 2924j(c) and is not required to make further appearances in this matter; and

24          IT IS FURTHER ORDERED THAT within 90 days after deposit, the Court shall consider

25   all claims filed at least 15 days before the date on which the hearing is scheduled by the Court

26   pursuant to Civil Code section 2924j(d). The Clerk shall schedule and serve written notice of the

27   hearing by first-class mail on all claimants identified in Petitioner's declaration at the addresses

28   specified therein. The Petitioner has supplied the Court with pre-addressed envelopes for the Clerk's

-1-

ORDER TO DEPOSIT SURPLUS FUNDS

ORIGINAL

1 convenience.

2

3 Dated: 12/27/07

JUDGE OF THE SUPERIOR COURT

4 MARTIN STAVEN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                **COUNTY OF SAN DIEGO - NORTH COUNTY**

10
        IN RE:                              Case No.: 37-2007-00080647-CU-PT-NC
11
        VACANT LAND LOCATED IN SAN          UnLimited Jurisdiction
12      DIEGO COUNTY APNS 279-150-22 AND
        280-140-10                          NOTICE OF HEARING SET BY THE
13                                          CLERK OF THE COURT PURSUANT TO
                                            CIVIL CODE SECTION 2924j(d)
14
15          To all interested persons, please take notice that SUPERIOR COURT OF CALIFORNIA,

16   COUNTY OF SAN DIEGO - NORTH COUNTY, has set a hearing to determine disbursement of

     surplus funds on deposit, that will be heard on _____3·28-08_____ at _1:30pm_
17
     _____ in Department ___12___ in Superior Court of California, COUNTY OF SAN DIEGO -
18
19   NORTH COUNTY, located at 325 South Melrose, Vista, CA 92083.

20          All potential claimants shall file and serve their claim to the surplus funds within 15 days of

21   the hearing pursuant to Civil Code section 2924j(d), which provides in pertinent part:

            Within 90 days after deposit with the clerk, the court shall consider all claims filed
22          at least 15 days before the date on which the hearing is scheduled by the court, the
            clerk shall serve written notice of the hearing by first-class mail on all claimants
23          identified in the trustee's declaration at the addresses specified therein.

24   Dated: _____DEC 2 7 2007._____        _____

25                                         CLERK OF THE SUPERIOR COURT

26                                              J.C. CASTILLO

27

28

                                    -1-
                           NOTICE OF HEARING                    *ORIGINAL*            1322112.wpd

1 | JOHN D. DUNCAN (CA SBN 179560)
2 | PETER J. SALMON (CA SBN 174386)
LAUREL I. HANDLEY (CA SBN 231249)
PITE DUNCAN, LLP
3 | 525 E. Main Street
P.O. Box 12289
4 | El Cajon, CA 92022-2289
Telephone: (619) 590-1300
5 | Facsimile: (619) 590-1385

6 | Attorneys for Petitioner Action Foreclosure Services, Inc.

2007 DEC 13 AM 11: 55

CLERK SUPERIOR COURT
SAN DIEGO, CA

7

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF SAN DIEGO - NORTH COUNTY

10

|   |   |
|---|---|
| IN RE: | Case No.: |
| VACANT LAND LOCATED IN SAN DIEGO COUNTY APNS 279-150-22 AND 280-140-10 | Unlimited Jurisdiction |
|  | NOTICE OF PETITION TO SUPERIOR COURT TO DEPOSIT SURPLUS FUNDS |
|  | [Amount Demanded Exceeds $25,000.00] |

15        To all interested persons, please take notice that Action Foreclosure Services, Inc., is making

16 an application to the Superior Court of California, County of San Diego - North County, located

17 at 325 South Melrose, Vista, CA 92083, seeking an order to the Clerk of the Court to deposit surplus

18 funds in the amount of $76,142.61 with the County Treasurer.  All potential claimants are hereby

19 notified that all claims for the funds must be filed with said court within thirty (30) days from the

20 date of this Notice as required by California Civil Code section 2924j(d).

21        Upon receipt of conformed copies from the court, Pite Duncan, LLP, will send a Notice of

22 Case Number Assignment.

23 | /././

24 | /././

25 | /././

26 | /././

27 | /././

28 | /././

-1-
NOTICE OF PETITION

**ORIGINAL**

1        You will be notified by the Clerk of the Superior Court as to any future hearing dates and

2    where to submit any claim for funds.  The phone number of the court is (760) 726-9595.

3

4    Dated: ___12/4/07___                    PITE DUNCAN, LLP

5

6                                                        *Laurel I Handley*

7    LAUREL I. HANDLEY
         Attorney for Action Foreclosure Services, Inc.

8    1320873.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS:    325 S. Melrose | |
| MAILING ADDRESS:    325 S. Melrose | |
| CITY AND ZIP CODE:    Vista, CA 92081 | |
| BRANCH NAME:    North County | |
| TELEPHONE NUMBER:  (760) 806-6167 | |

| PLAINTIFF(S) / PETITIONER(S):    Action Foreclosure Services, Inc. |
|---|
| DEFENDANT(S) / RESPONDENT(S): |

| PETITION OF ACTION FORECLOSURE SERVICES, INC. | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2007-00080647-CU-PT-NC |

Judge:                                                    Department: N-04

**COMPLAINT/PETITION FILED:** 12/13/2007

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

1 | JOHN D. DUNCAN (CA SBN 179560)
PETER J. SALMON (CA SBN 174386)
2 | LAUREL I. HANDLEY (CA SBN 231249)
PITE DUNCAN, LLP
3 | 525 E. Main Street
P.O. Box 12289
4 | El Cajon, CA 92022-2289
Telephone: (619) 590-1300
5 | Facsimile: (619) 590-1385

NORTH ......
2007 DEC 13  AM 11: 55
CLER......... COURT
SAN DIEGO, CA

6 | Attorneys for Petitioner Action Foreclosure Services, Inc.

7

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF SAN DIEGO - NORTH COUNTY

10

11 | IN RE:                                    Case No.: **37-2007-00080647-CU-PT-NC**

12 | VACANT LAND LOCATED IN SAN
DIEGO COUNTY APNS 279-150-22 AND       PROOF OF SERVICE
280-140-10

13

14

15 | I, the undersigned, declare: I am, and was at the time of service of the papers herein referred
to, over the age of 18 years, and not a party to this action. My business address is 525 East Main
16 | Street, El Cajon, California 92020.

17 | On December 12, 2007, I served the following documents:

18 | 1.    **PETITION AND DECLARATION REGARDING UNRESOLVED CLAIMS
AND DEPOSIT OF UNDISTRIBUTED SURPLUS PROCEEDS OF
TRUSTEE'S SALE**

19

20 | 2.    **NOTICE OF PETITION TO SUPERIOR COURT TO DEPOSIT SURPLUS
FUNDS**

21 | 3.    **CIVIL CASE COVER SHEET**

22 | 4.    **ORDER TO DEPOSIT SURPLUS FUNDS**

23

24 | on the parties in this action addressed as follows:

25 | Denny Johnston
C/O Taylor Pipeline, Inc.                  Denny Johnston
2625 Las Palmas Avenue                     44913 Silver Rose Street
26 | Escondido, CA 92025                        Temecula, CA 92592

27 | Derek Spiker
1855 Rainbow Valley Blvd.                  Derek Spiker
28 | Fallbrook, CA 92028                        19773 Ramona Trails Drive
                                           Ramona, CA 92065

*ORIGINAL*

| | | |
|---|---|---|
| 1 | Michael Spiker<br>1855 Rainbow Valley Blvd. | Nancy Spiker<br>1855 Rainbow Valley Blvd. |
| 2 | Fallbrook, CA 92028 | Fallbrook, CA 92028 |
| 3 | Nicole Spiker<br>19773 Ramona Trails Drive | Sherill Johnston<br>2625 Las Palmas Avenue |
| 4 | Ramona, CA 92065 | Escondido, CA 92025 |
| 5 | Nicole Spiker<br>C/O Three D Electric | Denny Johnston<br>2625 Las Palmas Avenue |
| 6 | 1855 Rainbow Valley Blvd<br>Fallbrook, CA 92028 | Escondido, CA 92025 |
| 7 | | |
| 8 | Derek Spiker<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 | Nicole Spiker<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 |
| 9 | | |
| 10 | Michael Spiker<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 | Nancy Spiker<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 |
| 11 | | |
| 12 | Sherill Lynne Johnston<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 | Denny Johnston<br>1855 Rainbow Valley Blvd.<br>Fallbrook, CA 92028 |
| 13 | | |
| 14 | Sherill Johnston<br>1855 Rainbow Valley Blvd.<br>Fallbrook, CA 92028 | Nicole Spiker<br>1855 Rainbow Valley Blvd.<br>Fallbrook, CA 92028 |
| 15 | | |
| 16 | Target National Bank<br>C/O Eskanos & Adler<br>Donal R. Stebbins/Janet L. Brown | State of California Employment Development<br>Department<br>Lien Group, MIC 92G |
| 17 | Kurtiss A. Jacobs/Jerome M. Yalon<br>218950/84204 | P.O. Box 826880<br>Sacramento, CA 94280-0001 |
| 18 | 2325 Clayton Road<br>Concord, CA 94520 | |
| 19 | | |
| 20 | Laguna Niguel District<br>Internal Revenue Service<br>S:C:F:TS:W:AREA 14:GROUP 15 | Internal Revenue Service<br>Stop 5021/ Advisory Unit 1/RM 4062<br>300 N. Los Angeles Street |
| 21 | 24000 Avila Road, M/S 5905<br>Laguna Niguel, CA 92677 | Los Angeles, CA 90012<br>Attn: Technical Support Territory Mgr. |
| 22 | | |
| 23 | Internal Revenue Service<br>Post Office Box 145585 Stop 8420G<br>Cincinnati, OH 45250 | Independent Electric Supply, Inc.<br>C/O CRF Solutions<br>Post Office Box 1389 |
| 24 | | Simi Valley, CA 93062 |
| 25 | M and D Electric Inc.<br>A California Corporation | Laguna Nigel District/Area 16<br>Internal Revenue Service |
| 26 | 19773 Ramona Trails<br>Ramona, CA 92065 | 24000 Avila Road, Stop 5905<br>Laguna Nigel, CA 92677 |
| 27 | | Attn: Technical Support Territory Mgr<br>Advisor: K. Ripp 702-868-5063 |
| 28 | Charles D. Nachand<br>The Law Offices of Charles D. Nachand<br>447 South Escondido Blvd.<br>Escondido, CA 92025 | |

2

| | |
|---|---|
| Charles D. Nachand | Employment Development Department |
| The Law Offices of Charles D. Nachand | 800 Capitol Mall Mic 92 H |
| 451 South Escondido Boulevard | Sacramento, CA 94230 |
| Escondido, CA 92025-4813 | |

__X__  **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___  **BY CERTIFIED MAIL:** I placed a true copy in a sealed envelope addressed as indicated above via certified mail, return receipt requested.

___  **BY FACSIMILE:** I personally sent to the addressee's facsimile number a true copy of the above-described document(s). I verified transmission with a confirmation printed out by the facsimile machine used. Thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.

___  **BY FEDERAL EXPRESS:** I placed a true copy in a sealed Federal Express envelope addressed as indicated above. I am familiar with the firm's practice of collection and processing correspondence for Federal Express delivery and that the documents served are deposited with Federal Express this date for overnight delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 12, 2007, at El Cajon, California.

ROSALYNN B. SALARDA

3

1418022.wpd

1
2
3
4
5
6
7

8          **SUPERIOR COURT OF CALIFORNIA**

9          **COUNTY OF SAN DIEGO - NORTH COUNTY**

10

|  |  |
| --- | --- |
| IN RE: | Case No.: 37-2007-00080647-CU-PT-NC |
| VACANT LAND LOCATED IN SAN DIEGO COUNTY APNS 279-150-22 AND 280-140-10 | PROOF OF SERVICE |

14        I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Notice of Hearing** upon each party or counsel named below by depositing in the United States mail at the courthouse in *San Diego*, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

          On _____, 2007, I served the following documents:

   **1.    NOTICE OF HEARING SET BY THE CLERK OF THE COURT**

on the parties in this action addressed as follows:

| | |
| --- | --- |
| Denny Johnston<br>C/O Taylor Pipeline, Inc.<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 | Denny Johnston<br>44913 Silver Rose Street<br>Temecula, CA 92592 |
| Derek Spiker<br>1855 Rainbow Valley Blvd.<br>Fallbrook, CA 92028 | Derek Spiker<br>19773 Ramona Trails Drive<br>Ramona, CA 92065 |
| Michael Spiker<br>1855 Rainbow Valley Blvd.<br>Fallbrook, CA 92028 | Nancy Spiker<br>1855 Rainbow Valley Blvd.<br>Fallbrook, CA 92028 |
| Nicole Spiker<br>19773 Ramona Trails Drive<br>Ramona, CA 92065 | Sherill Johnston<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 |

*ORIGINAL*

| | | |
|---|---|---|
| 1 | Nicole Spiker<br>C/O Three D Electric<br>1855 Rainbow Valley Blvd<br>Fallbrook, CA 92028 | Denny Johnston<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 |
| 2 | | |
| 3 | Derek Spiker<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 | Nicole Spiker<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 |
| 4 | | |
| 5 | Michael Spiker<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 | Nancy Spiker<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 |
| 6 | | |
| 7 | Sherill Lynne Johnston<br>2625 Las Palmas Avenue<br>Escondido, CA 92025 | Denny Johnston<br>1855 Rainbow Valley Blvd.<br>Fallbrook, CA 92028 |
| 8 | | |
| 9 | Sherill Johnston<br>1855 Rainbow Valley Blvd.<br>Fallbrook, CA 92028 | Nicole Spiker<br>1855 Rainbow Valley Blvd.<br>Fallbrook, CA 92028 |
| 10 | | |
| 11 | Target National Bank<br>C/O Eskanos & Adler<br>Donal R. Stebbins/Janet L. Brown<br>Kurtiss A. Jacobs/Jerome M. Yalon<br>218950/84204<br>2325 Clayton Road<br>Concord, CA 94520 | State of California Employment Development<br>Department<br>Lien Group, MIC 92G<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | Laguna Niguel District<br>Internal Revenue Service<br>S:C:F:TS:W:AREA 14:GROUP 15<br>24000 Avila Road, M/S 5905<br>Laguna Niguel, CA 92677 | Internal Revenue Service<br>Stop 5021/ Advisory Unit 1/RM 4062<br>300 N. Los Angeles Street<br>Los Angeles, CA 90012<br>Attn: Technical Support Territory Mgr. |
| 16 | | |
| 17 | | |
| 18 | Internal Revenue Service<br>Post Office Box 145585 Stop 8420G<br>Cincinnati, OH 45250 | Independent Electric Supply, Inc.<br>C/O CRF Solutions<br>Post Office Box 1389<br>Simi Valley, CA 93062 |
| 19 | | |
| 20 | | |
| 21 | M and D Electric Inc.<br>A California Corporation<br>19773 Ramona Trails<br>Ramona, CA 92065 | Laguna Nigel District/Area 16<br>Internal Revenue Service<br>24000 Avila Road, Stop 5905<br>Laguna Nigel, CA 92677<br>Attn: Technical Support Territory Mgr<br>Advisor: K. Ripp 702-868-5063 |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | Charles D. Nachand<br>The Law Offices of Charles D. Nachand<br>447 South Escondido Blvd.<br>Escondido, CA 92025 | Charles D. Nachand<br>The Law Offices of Charles D. Nachand<br>451 South Escondido Boulevard<br>Escondido, CA 92025-4813 |
| 26 | | |
| 27 | | |
| 28 | Employment Development Department<br>800 Capitol Mall Mic 92 H<br>Sacramento, CA 94230 | |

2

1   __X__  **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above. I am
2          readily familiar with the firm's practice of collection and processing correspondence for
           mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course
3          of business. I am aware that on motion of party served, service is presumed invalid if postal
           cancellation date or postage meter date is more than one day after date of deposit for mailing
4          in affidavit.

    ___    **BY CERTIFIED MAIL:** I placed a true copy in a sealed envelope addressed as indicated
5          above via certified mail, return receipt requested.

6   ___    **BY FACSIMILE:** I personally sent to the addressee's facsimile number a true copy of the
           above-described document(s). I verified transmission with a confirmation printed out by the
7          facsimile machine used. Thereafter, I placed a true copy in a sealed envelope addressed and
           mailed as indicated above.
8
    ___    **BY FEDERAL EXPRESS:** I placed a true copy in a sealed Federal Express envelope
9          addressed as indicated above.  I am familiar with the firm's practice of collection and
           processing correspondence for Federal Express delivery and that the documents served are
10         deposited with Federal Express this date for overnight delivery.

11       I declare under penalty of perjury under the laws of the State of California that the foregoing
    is true and correct.
12
         Executed on _____, 2007, at _____, California.
13

14

15                                              _____
                                                CLERK OF THE SUPERIOR COURT
16

17

18

19

20

21

22

23

24

25

26

27

28

1322116.wpd

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LAUREL I. HANDLEY (CASBN 231249)<br>PITE DUNCAN, LLP<br>525 E. MAIN STREET<br>P.O. BOX 12289<br>EL CAJON, CA 92020 | NORTH COUNTY<br><br>2007 DEC 13 AM 11:56<br><br>CLERK SUPERIOR COURT<br>SAN DIEGO, CA |

TELEPHONE NO.: (619) 590-1300   FAX NO.: (619) 590-1385
ATTORNEY FOR (Name): ACTION FORECLOSURE SERVICES, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 SOUTH MELROSE
MAILING ADDRESS:
CITY AND ZIP CODE: VISTA, CA 92083
BRANCH NAME: NORTH COUNTY

CASE NAME: VACANT LAND LOCATED IN SAN DIEGO COUNTY
APNS 279-150-22 AND 280-140-10

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2007-00080647-CU-PT-NC |
| | | | | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [X] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 1
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/4 , 2007

LAUREL I. HANDLEY (CASBN 231249)
(TYPE OR PRINT NAME)

_(signature)_ Laurel Handley
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

ORIGINAL

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
      *or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

1   Name of Case: **In Re Vacant Land Located in SD Co., APNS 279-150-22, 280-140-10**
2   San Diego Superior Court, Case No.: 37-2007-00080647-CU-PT-NC

3               **DECLARATION OF SERVICE**

4   I, Kristine Merel, declare as follows:

5   I am over the age of eighteen years and not a party to the case. I am employed in the County of San
    Diego, California, where the mailing occurs; and my business address is 451 South Escondido
6   Boulevard, Escondido, CA 92025.

7   On March 6, 2008 I served the foregoing document(s) described as: **Response to Petition, Claims,**
    **Priority Liens and Request for Payment by Respondent; Declaration of Sherill Johnston** on the
8   interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed
    as follows:

9       See Exhibit A attached hereto.
10

11  (X)    BY MAIL. I am readily familiar with the firm's practice of collection and processing of
12         correspondence for mailing with the United States Postal Service, and that the correspondence
           shall be deposited with the United States Postal Service this same day in the ordinary course
13         of business pursuant to *Code of Civil Procedure* §1013a.

14  ( )    BY FAX. In addition to service by mail as set forth above, a copy of said document(s) were
           also delivered by facsimile transmission to the addressee pursuant to *Code of Civil Procedure*
15         §1013(e).

16  ( )    BY PERSONAL SERVICE. I hand-delivered said document(s) to the addressee pursuant to
           *Code of Civil Procedure* §1011.

17  ( )    BY EXPRESS MAIL. I caused said document(s) to be deposited in a box or other facility
18         regularly maintained by the express service carrier providing overnight delivery pursuant to
           *Code of Civil Procedure* §1013(c)

19  Executed March 6, 2008, at Escondido, California.

20  I declare under the penalty of perjury under the laws of the State of California that the above is true
    and correct.
21

22

23                                    Kristine Merel
24                              Kristine Merel

25

26

27

28

1

Michael Spiker
1855 Rainbow Valley Blvd.
Fallbrook, CA 92028

Denny Johnston
44913 Silver Rose Street
Temecula, CA 92592

2

3

Nicole Spiker
19773 Ramona Trails Drive
Ramona, CA 92065

Derek Spiker
19773 Ramona Trails Drive
Ramona, CA 92065

4

5

Employment Development Department
800 Capitol Mall Mic 92 H
Sacramento, CA 94230

Nancy Spiker
1855 Rainbrow Valley Blvd.
Fallbrook, CA 92028

6

7

State of California Employment Development
Department
Lien Group, MIC 92G
P.O. Box 826880
Sacramento, CA 94280-0001

Internal Revenue Service
c/o Lauren Castaldi, Esq.
555 4th Street, N.W.
Washington, D.C.   20001

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

MC-095

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LAUREL I. HANDLEY (CASBN 231249)<br>PITE DUNCAN, LLP<br>525 E. MAIN STREET<br>P.O. BOX 12289<br>EL CAJON, CA 92020<br>TELEPHONE NO.: (619) 590-1300    FAX NO. (Optional): (619) 590-1385<br>E-MAIL ADDRESS (Optional): LHANDLEY@PITEDUNCAN.COM<br>ATTORNEY FOR (Name): ACTION FORECLOSURE SERVICES, INC. | 2007 DEC 13 AM 11:56<br><br>CLERK SUPERIOR COURT<br>SAN DIEGO, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN DIEGO
STREET ADDRESS: 325 SOUTH MELROSE
MAILING ADDRESS:
CITY AND ZIP CODE: VISTA, CA 92083
BRANCH NAME: NORTH COUNTY

IN RE (ADDRESS OF REAL PROPERTY):
VACANT LAND LOCATED IN SAN DIEGO COUNTY APNS 279-150-22 AND 280-140-10

| PETITION AND DECLARATION REGARDING UNRESOLVED CLAIMS AND DEPOSIT OF UNDISTRIBUTED SURPLUS PROCEEDS OF TRUSTEE'S SALE | |
|---|---|
| **Jurisdiction** (check all that apply):<br>☐ **ACTION IS A LIMITED CIVIL CASE**<br>**Amount deposited**   ☐ does not exceed $10,000<br>   ☐ exceeds $10,000, but does not exceed $25,000<br>☒ **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $25,000) | CASE NUMBER:<br><br>37-2007-00080647-CU-PT-NC |

1. Petitioner (name): ACTION FORECLOSURE       is the trustee under the Deed of Trust described in items 2 and 3 below.
   SERVICES, INC.

**The Deed of Trust**

2. The Deed of Trust encumbered the real property commonly known as (describe): ASSESSORS PARCEL NUMBERS 279-150-22 AND 280-140-10.

   (the "property") and legally described   ☒ in Attachment 2   ☐ as follows:

3. The Deed of Trust was
   a. Executed by (name): DENNY AND SHERILL JOHNSTON, ET AL       as trustor.
   b. Executed on (date): APRIL 24, 2002
   c. Recorded:
      (1) Date: APRIL 26, 2002
      (2) County: SAN DIEGO
      (3) Instrument number: 2002-0355530

*ORIGINAL*

Form Adopted for Mandatory Use
Judicial Council of California
MC-095 [Rev. January 1, 2004]

**PETITION AND DECLARATION REGARDING UNRESOLVED CLAIMS AND DEPOSIT OF UNDISTRIBUTED SURPLUS PROCEEDS OF TRUSTEE'S SALE**

Civil Code, § 2924j

*Legal Solutions Plus*

| | |
|---|---|
| IN RE: VACANT LAND LOCATED IN SAN DIEGO COUNTY APNS 279-150-22 AND 280-140-10 | CASE NUMBER: |

**The Trustee's Sale, Surplus Proceeds, and Notice to Potential Claimants**

4. The property was the subject of a trustee's sale that was held on *(date):* MAY 4, 2007

5. A trustee's sale guarantee was prepared for the trustee's sale. *(A copy of the trustee's sale guarantee must be attached as Attachment 5.)*

6. The total sale price of the property was: $ 302,100.00

7. After payment of the amounts required by Civil Code section 2924k(a)(1)–(2), there were surplus proceeds from the trustee's sale available to potential claimants in the total amount of: $ 78,137.61

8. Within 30 days after the trustee's sale, the trustee sent written notice under Civil Code section 2924j(a) to all persons with a recorded interest in the real property as of the date immediately prior to the trustee's sale who would be entitled to notice. The names and addresses of all persons sent notice under Civil Code section 2924j(a) are as follows:

[X] Continued on Attachment 8.

**The Claims**

9. The trustee has received a total of *(specify number):* 3     written claims from potential claimants.

10. The trustee has exercised due diligence to determine the priority of the written claims received by the trustee to the trustee's sale surplus proceeds from the persons identified in item 8 to whom notice was sent.

11. The trustee submits this declaration under Civil Code section 2924j(c) for the following reason:

   a. [ ] After due diligence, the trustee is unable to determine the priority of the written claims received by the trustee to the trustee's sale surplus proceeds. *(If this reason applies, describe the problem of determining priorities in Attachment 11a.)*

   b. [X] The trustee has determined that there is a conflict between potential claimants to the surplus proceeds. *(If this reason applies, identify the claimants and describe the conflict in Attachment 11b.)*

12. The trustee provides the following additional information relevant to the identity, location, priority of potential claimants, and the conflict of claims:

```
CHARLES D. NACHAND
THE LAW OFFICES OF CHARLES D. NACHAND          EMPLOYMENT DEVELOPMENT DEPARTMENT
451 SOUTH ESCONDIDO BOULEVARD                  800 CAPITOL MALL MIC 92 H
ESCONDIDO, CA 92025-4813                       SACRAMENTO, CA 94230
```

   [ ] Continued on Attachment 12.

**Notice of Intent to Deposit Funds and Proof of Service**

13. The trustee has provided written notice to all persons with a recorded interest in the property who would be entitled to notice under Civil Code section 2924b(b)–(c). The notice includes the following information:

   a. The trustee intends to deposit funds from the trustee's sale with the clerk of the court.

   b. A claim for funds must be filed with the court within 30 days from the date of notice.

   c. The address of the court in which the funds are to be deposited and a telephone number for obtaining further information.

   *(Proof of Service of the notice on all persons entitled to notice under Civil Code section 2924j(d) must be attached to this declaration as Attachment 13.)*

IN RE: VACANT LAND LOCATED IN SAN DIEGO COUNTY APNS 279-150-22 AND 280-140-10

CASE NUMBER:

**Deposit**

**14. Distributions**
The trustee has distributed the total amount of: $ 0.00 to the following claimants based on their written claims:
Name of claimant:                                              Amount:
0.00
0.00
0.00
0.00
0.00
0.00
0.00

☐ Continued on Attachment 14.

**15. Trustee's Fees and Expenses**
The trustee has incurred reasonable fees and expenses totaling: $ 1,635.00 . These fees and expenses are recoverable under Civil Code section 2924k(a)(1) and (b) and are described ☐ in Attachment 15  ☒ as follows (specify):
TRUSTEE'S FEES AND COSTS.............................$125.00
ATTORNEY'S FEES AND COSTS.........................$1,510.00

**16. Deposit**
The amount to be deposited is calculated as follows:
a. Trustee's sale proceeds .....................................$ 302,100.00
b. Debt to foreclosing creditor................................$ 223,962.39
c. Available surplus proceeds (a minus b) .........................$ 78,137.61
d. Claims paid by trustee (from item 14)...........................$ 0.00
e. Trustee's fees and expenses (from item 15)....................$ 1,635.00
f. Remaining surplus proceeds (c minus (d plus e))..............$ 76,502.61
g. Filing fee ..............................................$ 360.00
h. Deposit (f minus g) .....................................$ 76,142.61

(If the trustee is represented by an attorney, the attorney's signature follows):

Date: 12/4 , 2007

LAUREL I. HANDLEY
(TYPE OR PRINT NAME OF ATTORNEY)                        (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: , 2007

(TYPE OR PRINT NAME OF TRUSTEE)                        (SIGNATURE OF TRUSTEE)

MC-095 [Rev. January 1, 2004]  **PETITION AND DECLARATION REGARDING UNRESOLVED CLAIMS AND DEPOSIT OF UNDISTRIBUTED SURPLUS PROCEEDS OF TRUSTEE'S SALE**  Page 3 of 3

| IN RE: VACANT LAND LOCATED IN SAN DIEGO COUNTY APNS 279-150-22 AND 280-140-10 | CASE NUMBER: |
|---|---|

**Deposit**

**14. Distributions**

The trustee has distributed the total amount of: $ 0.00    to the following claimants based on their written claims:

Name of claimant:    Amount:

0.00
0.00
0.00
0.00
0.00
0.00
0.00

☐ Continued on Attachment 14.

**15. Trustee's Fees and Expenses**

The trustee has incurred reasonable fees and expenses totaling: $ 1,635.00    . These fees and expenses are recoverable under Civil Code section 2924k(a)(1) and (b) and are described ☐ in Attachment 15   ☒ as follows (specify):

TRUSTEE'S FEES AND COSTS..............................$125.00
ATTORNEY'S FEES AND COSTS.........................$1,510.00

**16. Deposit**

The amount to be deposited is calculated as follows:

| | |
|---|---|
| a. Trustee's sale proceeds ....................................................$ | 302,100.00 |
| b. Debt to foreclosing creditor.................................................$ | 223,962.39 |
| c. Available surplus proceeds (a minus b) .....................................$ | 78,137.61 |
| d. Claims paid by trustee (from item 14) .......................................$ | 0.00 |
| e. Trustee's fees and expenses (from item 15)..................................$ | 1,635.00 |
| f. Remaining surplus proceeds (c minus (d plus e))..............................$ | 76,502.61 |
| g. Filing fee ..................................................................$ | 360.00 |
| h. Deposit (f minus g) .........................................................$ | 76,142.61 |

(If the trustee is represented by an attorney, the attorney's signature follows):

Date:    , 2007

LAUREL I. HANDLEY
(TYPE OR PRINT NAME OF ATTORNEY)    ▶    (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 7    , 2007

Action Foreclosure Services, Inc.
(TYPE OR PRINT NAME OF TRUSTEE)    ▶    (SIGNATURE OF TRUSTEE)
by: James M. Allen, Jr., Chief Financial Officer

MC-095 (Rev. January 1, 2004)    **PETITION AND DECLARATION REGARDING UNRESOLVED CLAIMS AND DEPOSIT OF UNDISTRIBUTED SURPLUS PROCEEDS OF TRUSTEE'S SALE**    Page 3 of 3

# ATTACHMENT 2

CLTA GUARANTEE
FORM NO 6282

ORDER NO. 4379835-65<br>GUARANTEE NO. 201861

## EXHIBIT "A"
### (LEGAL DESCRIPTION)

PARCEL 1:

THE NORTHEAST OF THE SOUTHEAST QUARTER AND THE SOUTH HALF OF THE SOUTHEAST QUARTER OF SECTION 1, TOWNSHIP 13 SOUTH RANGE 1 EAST, SAN BERNARDINO BASE AND MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO OFFICIAL PLAT THEREOF.

PARCEL 2:

THE NORTHEAST QUARTER OF SECTION 12, TOWNSHIP 13 SOUTH, RANGE 1 EAST, SAN BERNARDINO BASE AND MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO OFFICIAL PLAT THEREOF.

NOTE:   THE LATEST TAX BILL FROM THE SAN DIEGO COUNTY TAX COLLECTOR  SHOWS THE SITUS ADDRESS OF SAID LAND AS VACANT LAND.

ASSESSORS PARCEL NUMBER: 279-150-22

Page 2

# ATTACHMENT 5

CLTA GUARANTEE
FORM NO 6282

ORDER NO. 4379835-65
GUARANTEE NO. 201861

## TRUSTEE'S SALE GUARANTEE

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE LIMITS OF LIABILITY AND OTHER PROVISIONS OF THE CONDITIONS AND STIPULATIONS HERETO ANNEXED AND MADE A PART OF THIS GUARANTEE.

## North American Title Insurance
A CORPORATION, HEREIN CALLED THE COMPANY,

GUARANTEES

AS SHOWN IN ITEM 1 OF SCHEDULE A, HEREIN CALLED THE ASSURED, AGAINST LOSS NOT EXCEEDING THE LIABILITY AMOUNT STATED  ABOVE WHICH THE ASSURED SHALL SUSTAIN BY REASON OF ANY INCORRECTNESS IN THE  ASSURANCE WHICH THE COMPANY HEREBY GIVES THAT, ACCORDING TO THE PUBLIC RECORDS, ON THE DATE STATED BELOW,

1.      THE TITLE TO THE HEREIN DESCRIBED ESTATE OR INTEREST WAS VESTED IN THE VESTEE NAMED, SUBJECT TO THE MATTERS SHOWN AS EXCEPTIONS HEREIN, WHICH  EXCEPTIONS ARE NOT NECESSARILY SHOWN IN THE ORDER OF THEIR PRIORITY.

2.      THE NAMES AND ADDRESSES OF PERSONS WHO HAVE RECORDED REQUESTS, AS  PROVIDED BY SECTION 2924B(A) AND (D) OF THE CALIFORNIA CIVIL CODE, FOR A COPY OF NOTICE OF DEFAULT AND A COPY OF NOTICE OF SALE ARE AS SHOWN HEREIN;

3.      THE NAMES AND ADDRESSES OF ADDITIONAL PERSONS, WHO, AS PROVIDED BY SECTION 2924B(C)(1) AND (2) OF THE CALIFORNIA CIVIL CODE, ARE ENTITLED TO RECEIVE A COPY OF NOTICE OF DEFAULT AND A COPY OF NOTICE OF SALE ARE AS SHOWN HEREIN;

4.      THE NAMES AND ADDRESSES OF STATE TAXING AGENCIES WHICH, AS PROVIDED BY SECTION 2924B(C)(3) OF THE CALIFORNIA CIVIL CODE, ARE ENTITLED TO RECEIVE A COPY OF NOTICE OF SALE, ARE AS SHOWN HEREIN, AND;

5.      THE ADDRESSES OF THE INTERNAL REVENUE SERVICE WHICH, AS PROVIDED BY SECTION 2924B(C)(4) OF THE CALIFORNIA CIVIL CODE, ARE ENTITLED TO RECEIVE A COPY OF NOTICE OF SALE, ARE AS SHOWN HEREIN, AND;

6.      THE HEREIN DESCRIBED LAND IS LOCATED IN THE CITY OR JUDICIAL DISTRICT STATED  HEREIN AND, IF DESIGNATED, THE NEWSPAPER OR NEWSPAPERS LISTED  HEREIN  QUALIFY FOR PUBLICATION OF NOTICE PURSUANT TO SECTION 2924F OF THE CALIFORNIA CIVIL CODE.

DATED: OCTOBER 18, 2006

CLTA GUARANTEE
FORM NO 6282

ORDER NO. 4379835-65
GUARANTEE NO. 201861

## SCHEDULE A

YOUR REFERENCE:    2006623

DATED:    OCTOBER 18, 2006 AT 8:00 A. M.

LIABILITY:    $200,000.00

PREMIUM:    $672.00

1.    NAME OF ASSURED:

    TRUSTEE:    FIRST AMERICAN TITLE INSURANCE COMPANY

    BENEFICIARY:  ROBERT A. DAVIS AND MARY CLAIRE DAVIS, AS TRUSTEE, OR THE SUCCESSOR TRUSTEE, OF THE DAVIS FAMILY TRUST DATED MAY 29, 2003

2.    THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS GUARANTEE IS:

    A FEE

3.    TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

    DENNY JOHNSTON AND SHERILL JOHNSTON, HUSBAND AND WIFE, AS JOINT TENANTS AS TO AN UNDIVIDED 1/3 INTEREST AND DEREK SPIKER AND NICOLE SPIKER, HUSBAND AND WIFE, AS JOINT TENANTS AS TO AN UNDIVIDED 1/3 INTEREST AND MICHAEL SPIKER AND NANCY SPIKER, HUSBAND AND WIFE, AS JOINT TENANTS AS TO AN UNDIVIDED 1/3 INTEREST, AS TENANTS IN COMMON

4.    THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO, AND IS DESCRIBED AS FOLLOWS:

    SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

CLTA GUARANTEE
FORM NO 6282

ORDER NO. 4379835-65
GUARANTEE NO. 201861

## SCHEDULE B

EXCEPTIONS:

1.     GENERAL AND SPECIAL PROPERTY TAXES, AND ANY ASSESSMENTS COLLECTED WITH TAXES, INCLUDING UTILITY ASSESSMENTS, FOR THE FISCAL YEAR 2006/2007.

|                      |                                 |
|----------------------|---------------------------------|
| TOTAL AMOUNT:        | $1,324.08                       |
| FIRST INSTALLMENT:   | $662.04                         |
| PENALTY:             | $66.20 (AFTER DECEMBER 10, 2006)|
| SECOND INSTALLMENT:  | $662.04                         |
| PENALTY:             | $76.20 (AFTER APRIL 10, 2007)   |
| EXEMPTION:           | $NONE                           |
| CODE NO.:            | 65023                           |
| PARCEL NO.:          | 279-150-22                      |

1A.    SAID PROPERTY HAS BEEN DECLARED TAX-DEFAULTED FOR NON-PAYMENT OF DELINQUENT TAXES FOR THE FISCAL YEAR 2004-2006.

AMOUNT TO REDEEM PRIOR TO OCTOBER 31, 2006:   $2,378.31
AMOUNT TO REDEEM PRIOR TO NOVEMBER 30, 2006:  $2,407.15

PARCEL NO.:            279-150-22

THE ABOVE MATTER AFFECTS THE HEREIN DESCRIBED PROPERTY AND OTHER PROPERTY.

1B.    GENERAL AND SPECIAL PROPERTY TAXES, AND ANY ASSESSMENTS COLLECTED WITH TAXES, INCLUDING UTILITY ASSESSMENTS, FOR THE FISCAL YEAR 2006/2007.

|                      |                                 |
|----------------------|---------------------------------|
| TOTAL AMOUNT:        | $1,764.74                       |
| FIRST INSTALLMENT:   | $882.37                         |
| PENALTY:             | $88.23 (AFTER DECEMBER 10, 2006)|
| SECOND INSTALLMENT:  | $882.37                         |
| PENALTY:             | $98.23 (AFTER APRIL 10, 2007)   |
| EXEMPTION:           | $NONE                           |
| CODE NO.:            | 65023                           |
| PARCEL NO.:          | 280-140-10                      |

1C.    SAID PROPERTY HAS BEEN DECLARED TAX-DEFAULTED FOR NON-PAYMENT OF DELINQUENT TAXES FOR THE FISCAL YEAR 2004-2006.

AMOUNT TO REDEEM PRIOR TO OCTOBER 31, 2006:   $3,158.16
AMOUNT TO REDEEM PRIOR TO NOVEMBER 30, 2006:  $3,196.60

PARCEL NO.:            280-140-10

CLTA GUARANTEE
FORM NO 6282

ORDER NO. 4379835-65
GUARANTEE NO. 201861

1D.    THE LIEN OF SUPPLEMENTAL TAXES, IF ANY, ASSESSED PURSUANT TO THE PROVISIONS OF
       CHAPTER 3.5 (COMMENCING WITH SECTION 75) OF THE REVENUE AND TAXATION CODE OF THE
       STATE OF CALIFORNIA.

2.     THE FACT THAT THE PUBLIC ROAD DOES NOT DISCLOSE THAT THE OWNERSHIP OF SAID LAND
       INCLUDES RIGHTS OF ACCESS TO OR FROM ANY PUBLIC STREET. NOTWITHSTANDING THE
       INSURING CLAUSES OF THE POLICY, THE COMPANY DOES NOT INSURE AGAINST LOSS OR
       DAMAGE BY REASON OF A LACK OF A RIGHT OF ACCESS TO AND FROM THE LAND.

3.     A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN  BELOW  AND ANY
       OTHER OBLIGATIONS SECURED THEREBY:

|  |  |
|---|---|
| AMOUNT: | $192,223.40 |
| DATED: | APRIL 24, 2002 |
| TRUSTOR: | DENNY JOHNSTON AND SHERILL JOHNSTON, HUSBAND AND WIFE, AS JOINT TENANTS AS TO AN UNDIVIDED 1/3 INTEREST AND DEREK SPIKER AND NICOLE SPIKER, HUSBAND AND WIFE AS TO AN UNDIVIDED 1/3 INTEREST AND MICHAEL SPIKER AND NANCY SPIKER, HUSBAND AND WIFE, AS JOINT TENANTS, AS TO AN UNDIVIDED 1/3 INTEREST AS TENANTS IN COMMON |
| TRUSTEE: | FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY: | ROBERT ALLEN DAVIS, A MARRIED MAN |
| RECORDED: | APRIL 26, 2002 AS INSTRUMENT NO. 2002-0355530, OF OFFICIAL RECORDS |

AN ASSIGNMENT OF THE BENEFICIAL INTEREST UNDER SAID DEED OF TRUST NAMES:

|  |  |
|---|---|
| AS ASSIGNEE: | ROBERT A. DAVIS AND MARY CLAIRE DAVIS, AS TRUSTEE, OR THE SUCCESSOR TRUSTEE, OF THE DAVIS FAMILY TRUST DATED MAY 29, 2003 |
| RECORDED: | OCTOBER 28, 2003 AS INSTRUMENT NO. 2003-1310281, OF OFFICIAL RECORDS |

A NOTICE OF DEFAULT UNDER THE TERMS OF SAID DEED OF TRUST:

|  |  |
|---|---|
| EXECUTED BY | ACTION FORECLOSURE SERVICES, INC., A CALIFORNIA CORPORATION |
| RECORDED | OCTOBER 18, 2006 AS INSTRUMENT NO. 06-0739357, OF OFFICIAL RECORDS |

CLTA GUARANTEE
FORM NO 6282

ORDER NO. 4379835-65
GUARANTEE NO. 201861

4.    A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN  BELOW  AND ANY
      OTHER OBLIGATIONS SECURED THEREBY:

| | |
|---|---|
| AMOUNT: | $409,190.00 |
| DATED: | JANUARY 7, 2005 |
| TRUSTOR: | DENNY L. JOHNSTON |
| TRUSTEE: | FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY: | SHERILL LYNN JOHNSTON |
| RECORDED: | FEBRUARY 3, 2005 AS INSTRUMENT NO. 2005-0092417, OF OFFICIAL RECORDS |

5.    AN ABSTRACT OF JUDGMENT IN THE AMOUNT SHOWN BELOW AND ANY OTHER AMOUNTS DUE.

| | |
|---|---|
| ENTERED: | 06/23/06 |
| AMOUNT: | $5,110.44 |
| DEBTOR: | DEREK M. SPIKER |
| CREDITOR: | TARGET NATIONAL BANK |
| COUNTY: | SAN DIEGO |
| COURT: | SUPERIOR |
| CASE NO.: | IE032007 |
| RECORDED: | AUGUST 4, 2006 AS INSTRUMENT NO. 2006-0554180, OF OFFICIAL RECORDS |

6.    A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR OF THE
      TAXING AGENCY SHOWN BELOW:

| | |
|---|---|
| TAXING AGENCY: | STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT |
| AMOUNT SHOWN: | $51,778.37 |
| CERTIFICATE OR SERIAL NO.: | M 377579 |
| TAXPAYER: | MICHAEL J. SPIKER, INDIVIDUALLY AND/OR AS CEO/PRESIDENT OF, SPIKER ELECTRIC, INC. |
| RECORDED: | JANUARY 6, 2006 AS INSTRUMENT NO. 2006-0013911, OF OFFICIAL RECORDS |

7.    A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR OF THE
      TAXING AGENCY SHOWN BELOW:

| | |
|---|---|
| TAXING AGENCY: | DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE |
| AMOUNT SHOWN: | $151,155.77 |
| CERTIFICATE OR SERIAL NO.: | 294549406 |
| TAXPAYER: | MICHAEL J SPIKER |
| RECORDED: | JUNE 9, 2006 AS INSTRUMENT NO. 2006-0411776, OF OFFICIAL RECORDS |

CLTA GUARANTEE
FORM NO 6282

ORDER NO. 4379835-65
GUARANTEE NO. 201861

8.    A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR OF THE
      TAXING AGENCY SHOWN BELOW:

|   |   |
|---|---|
| TAXING AGENCY: | DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE |
| AMOUNT SHOWN: | $151,155.77 |
| CERTIFICATE OR | |
| SERIAL NO.: | 294549506 |
| TAXPAYER: | NANCY S SPIKER |
| RECORDED: | JUNE 9, 2006 AS INSTRUMENT NO. 2006-0411777, OF OFFICIAL RECORDS |

9.    ANY BANKRUPTCY PROCEEDINGS THAT ARE NOT DISCLOSED BY THE ACTS THAT    WOULD
      AFFORD NOTICE AS TO SAID LAND, PURSUANT TO TITLE 11,  U.S.C.  549(C) OF THE BANKRUPTCY
      REFORM ACT OF 1978, AS AMENDED.

CLTA GUARANTEE
FORM NO 6282

ORDER NO. 4379835-65
GUARANTEE NO. 201861

## SCHEDULE C

## INFORMATION FOR TRUSTEE

RELATIVE TO THE DEED OF TRUST SHOWN AS ITEM 3 OF THIS GUARANTEE:

1.    TRUSTEE MUST OBSERVE THE REQUIREMENTS OF SECTION 2924B OF THE CALIFORNIA CIVIL CODE AS TO THE NOTICES TO BE SENT TO THE TRUSTORS. IF ADDRESSES OF THE TRUSTORS ARE NOT SHOWN IN SAID TRUST DEED, THIS CODE SECTION STATES THE PROCEDURE TO BE FOLLOWED AS TO NOTICE IN SUCH CASES. NAMES AND ADDRESSES OF TRUSTORS (IF ANY) SHOWN IN SAID DEED OF TRUST.

DENNY JOHNSTON
2625 LAS PALMAS AVENUE
ESCONDIDO CA 92025

SHERILL JOHNSTON
2625 LAS PALMAS AVENUE
ESCONDIDO CA 92025

DEREK SPIKER
2625 LAS PALMAS AVENUE
ESCONDIDO CA 92025

NICOLE SPIKER
2625 LAS PALMAS AVENUE
ESCONDIDO CA 92025

MICHAEL SPIKER
2625 LAS PALMAS AVENUE
ESCONDIDO CA 92025

NANCY SPIKER
2625 LAS PALMAS AVENUE
ESCONDIDO CA 92025

2.    THE NAMES AND ADDRESSES OF PERSONS WHO HAVE RECORDED REQUESTS, AS PROVIDED BY SECTION 2924B(A) AND (D) OF THE CALIFORNIA CIVIL CODE, FOR A COPY OF NOTICE OF DEFAULT AND FOR A COPY OF NOTICE OF SALE ARE:

NONE.

CLTA GUARANTEE
FORM NO 6282

ORDER NO. 4379835-65
GUARANTEE NO. 201861

3.    NAMES AND ADDRESSES OF ADDITIONAL PERSONS WHO, AS PROVIDED BY SECTION 2924B(C)(1)
AND (2) OF THE CALIFORNIA CIVIL CODE, ARE ENTITLED TO RECEIVE A COPY OF NOTICE OF
DEFAULT AND A COPY OF NOTICE OF SALE ARE:

    SHERILL LYNNE JOHNSTON
    2625 LAS PALMAS AVENUE
    ESCONDIDO, CA 92025
    REGARDING ITEM NO. 4

    DENNY JOHNSTON
    1855 RAINBOW VALLEY BLVD.
    FALLBROOK CA 92028
    REGARDING VESTEE

    SHERILL JOHNSTON
    1855 RAINBOW VALLEY BLVD.
    FALLBROOK CA 92028
    REGARDING VESTEE

    DEREK SPIKER
    1855 RAINBOW VALLEY BLVD.
    FALLBROOK CA 92028
    REGARDING VESTEE

    NICOLE SPIKER
    1855 RAINBOW VALLEY BLVD.
    FALLBROOK CA 92028
    REGARDING VESTEE

    MICHAEL SPIKER
    1855 RAINBOW VALLEY BLVD.
    FALLBROOK CA 92028
    REGARDING VESTEE

    NANCY SPIKER
    1855 RAINBOW VALLEY BLVD.
    FALLBROOK CA 92028
    REGARDING VESTEE

4.    NAMES AND ADDRESSES OF STATE TAXING AGENCIES WHICH, AS PROVIDED BY SECTION
2924B(C)(3) OF THE CALIFORNIA CIVIL CODE, ARE ENTITLED TO RECEIVE A COPY OF NOTICE OF
SALE ARE:

    STATE OF CALIFORNIA
    EMPLOYMENT DEVELOPMENT DEPARTMENT
    LIEN GROUP, MIC 92G
    P.O. BOX 826880
    SACRAMENTO, CALIFORNIA 94280-0001
    REGARDING ITEM NO. 6

CLTA GUARANTEE
FORM NO 6282

ORDER NO. 4379835-65
GUARANTEE NO. 201861

5.    THE ADDRESSES OF THE INTERNAL REVENUE SERVICE WHICH, AS PROVIDED BY SECTION 2924B(C)(4) OF THE CALIFORNIA CIVIL CODE, ARE ENTITLED TO RECEIVE A COPY OF NOTICE OF SALE ARE:

   LAGUNA NIGUEL DISTRICT
   INTERNAL REVENUE SERVICE
   S:C:F:TS:W:AREA 14:GROUP 15
   24000 AVILA ROAD, M/S 5905
   LAGUNA NIGUEL, CA 92677-09608

   ATTN: ADVISORY UNIT
         949-360-2364 OR 949-360-2427

   C. RIPP       949-389-4140
   U. CLARA     949-389-4132

          - AND –

   LOS ANGELES DISTRICT/AREA 16

   INTERNAL REVENUE SERVICE
   STOP 5021/ADVISORY UNIT 1/RM 4062
   300 N. LOS ANGELES STREET
   LOS ANGELES, CA 90012

   ATTN: TECHNICAL SUPPORT TERRITORY MANAGER

   G. LAM 213-576-4584
   CONTRACT PERSON:   L. A. KIRKWOOD     213-576-4456
   REGARDING ITEM NO. 7 AND 8

6.    THE NAMES OF PERSONS AND ADDRESSES DISCLOSED BY THE RECORDS EXAMINED, OTHER THAN THOSE TO WHOM NOTICE IS REQUIRED BY SECTION 2924B OF THE CALIFORNIA CIVIL CODE TO BE DIRECTED, WHO MIGHT BE INTERESTED IN RECEIVING A COPY OF NOTICE OF DEFAULT AND A COPY OF NOTICE OF SALE ARE:

   TARGET NATIONAL BANK
   C/O ESKANOS & ADLER
   DONALD R. STEBBINS/JANET L. BROWN
   KURTISS A. JACOBS/JEROME M. YALON 218950/84204
   2325 CLAYTON ROAD,
   CONCORD, CA 94520
   REGARDING ITEM NO. 5

CLTA GUARANTEE
FORM NO 6282

ORDER NO. 4379835-65
GUARANTEE NO. 201861

7.    CITY IN WHICH SAID LAND IS LOCATED:        FALLBROOK
      IF NOT IN CITY, JUDICIAL DISTRICT IN WHICH SAID LAND IS LOCATED:

8.    LEGAL PUBLICATIONS:

      ESCONDIDO NEWS

      PUBLISHED: MONDAY THROUGH FRIDAY

      ATTENTION IS CALLED TO SERVICEMEMBERS CIVIL RELIEF ACT OF 1940 AND AMENDMENTS
      THERETO AND THE MILITARY RESERVIST RELIEF ACT OF 1991 (SEC 800 TO 810, CALIFORNIA
      MILITARY AND VETERANS CODE) WHICH CONTAIN INHIBITIONS AGAINST THE SALE OF LAND
      UNDER A DEED OF TRUST IF THE OWNER IS ENTITLED TO THE BENEFITS OF SAID ACTS.

      ATTENTION IS CALLED TO THE FEDERAL TAX LIEN ACT OF 1966 WHICH, AMONG OTHER THINGS,
      PROVIDES FOR THE GIVING OF WRITTEN NOTICE OF SALE IN A SPECIFIED MANNER TO THE
      SECRETARY OF TREASURY OR HIS DELEGATE AS A REQUIREMENT FOR THE DISCHARGE OR
      DIVESTMENT OF A FEDERAL TAX LIEN IN A NON-JUDICIAL SALE, AND ESTABLISHES WITH
      RESPECT TO SUCH A LIEN A RIGHT IN THE UNITED STATES TO REDEEM THE PROPERTY WITHIN
      A PERIOD OF 120 DAYS FROM THE DATE OF ANY SUCH SALE.

                              COUNTERSIGNED:

                              _____
                              AUTHORIZED SIGNATORY

ORDER NO. 4379835-65

## Privacy Policy Notice
### (as of July 1, 2001)

We at the North American Title family of companies take your privacy very seriously. We do not share your private information with anyone except as necessary to complete your real property, title insurance and escrow transaction.

OUR PRIVACY POLICIES AND PRACTICES

1.  Information we collect and sources from which we collect it: We collect nonpublic personal information from you from the following sources:

> * Information we receive from you on applications or other forms.
> * Information about your transactions with us, our affiliates or others.
> * Information from non-affiliated third parties relating to your transaction.

"Nonpublic personal information" is nonpublic information about you that we obtain in connection with providing a product or service to you.

2.  What information we disclose and to whom we disclose it: We do not disclose any nonpublic personal information about you to either our affiliates or non-affiliates without your express consent, except as permitted or required by law. We may disclose the nonpublic personal information we collect, as described above, to persons or companies that perform services on our behalf regarding your transaction. "Our affiliates" are companies with which we share common ownership and which offer real property, title insurance, or escrow services.

3.  Our security procedures: We restrict access to your nonpublic personal information and only allow disclosures to persons and companies as permitted or required by law to assist in providing products or services to you. We maintain physical, electronic, and procedural safeguards to protect your nonpublic personal information.

4.  Your right to access your personal information: You have the right to review your personal information that we record about you. If you wish to review that information, please contact your local North American Title office and give us a reasonable time to make that information available to you. If you believe any information is incorrect, notify us, and if we agree, we will correct it. If we disagree, we will advise you in writing why we disagree.

5.  Customer acknowledgement: Your receipt of a copy of the preliminary report, commitment, your policy of insurance, or escrow documents, accompanied by this Notice will constitute your acknowledgement of receipt of this Privacy Policy Notice.


North American Title may also share your information with an insurance institution, credit reporting agency, insurance regulatory authority, law enforcement, other governmental authority, actuary, or other research organization for purposes of detecting or preventing fraud, crimes, or misrepresentations in connection with an insurance or real estate transaction, resolving claims or service disputes, investigating suspected illegal or unlawful activities, or for conducting actuarial or research studies.

# ATTACHMENT 8

# Declaration of Mailing

Trustee's Sale No. 2006623

I,      JAMES ALLEN     , declare:

That I am an officer, agent, or employee of     ACTION FORECLOSURE SERVICES, INC.
whose business address is      888 PROSPECT STREET,SUITE 201,LA JOLLA,CA  92037
I am over the age of eighteen years; On  05/15/2007     by Certified     mail, enclosed in a sealed envelope with postage fully prepaid, I deposited in the United States Post Office at       SAN DIEGO
notices, a true and correct copy of which is hereunto attached and made part hereof, addressed to the following:

Date:  05/15/2007
Mailing: ~~Sale Mail~~ Surplus
Page:     1  Proceeds

| Number of Article | Name of Addressee, Street, and Post Office Address | Cert. Fee | R.R. Fee |
|---|---|---|---|
| 71006309264040366177 | DENNY JOHNSTON<br>C/O TAYLOR PIPELINE, INC.<br>2625 LAS PALMAS AVENUE<br>ESCONDIDO, CA 92025 | $4.36 | $1.85 |
| 71006309264040366184 | DENNY JOHNSTON<br>44913 SILVER ROSE STREET<br>TEMECULA, CA 92592-5541 | $4.36 | $1.85 |
| 71006309264040366191 | DEREK SPIKER<br>1855 RAINBOW VALLEY BLVD<br>FALLBROOK, CA 92028 | $4.36 | $1.85 |
| 71006309264040366207 | DEREK SPIKER<br>19773 RAMONA TRAILS DRIVE<br>RAMONA, CA 92065 | $4.36 | $1.85 |
| 71006309264040366214 | MICHAEL SPIKER<br>1855 RAINBOW VALLEY BLVD<br>FALLBROOK, CA 92028 | $4.36 | $1.85 |
| 71006309264040366221 | NANCY SPIKER<br>1855 RAINBOW VALLEY BLVD<br>FALLBROOK, CA 92028 | $4.36 | $1.85 |
| 71006309264040366238 | NICOLE SPIKER<br>19773 RAMONA TRAILS DRIVE<br>RAMONA, CA 92065 | $4.36 | $1.85 |
| 71006309264040366245 | SHERILL JOHNSTON<br>2625 LAS PALMAS AVENUE<br>ESCONDIDO, CA 92025 | $4.36 | $1.85 |
| 71006309264040366252 | NICOLE SPIKER | $4.36 | $1.85 |
| | | $39.24 | $16.65 |

| Number of Pieces by Sender | Number of Pieces Received | Postmaster (Name) Receiving Employee | Mail By (Name) Sending Employee |
|---|---|---|---|
| 9 | | | James Allen Jr. |

I certify (or Declare) under penalty of perjury under the laws of the State of CA that the foregoing is true and correct

5-15-2007
(Date)

_____
(Declarant)

# Declaration of Mailing

Trustee's Sale No. 2006623

I,      JAMES ALLEN, Jr.      , declare:

That I am an officer, agent, or employee of      ACTION FORECLOSURE SERVICES, INC.
whose business address is      888 PROSPECT STREET, SUITE 201, LA JOLLA, CA 92037
I am over the age of eighteen years; On 05/15/2007    by Certified    mail, enclosed in a sealed envelope with postage fully prepaid, I deposited in the United States Post Office at      SAN DIEGO
notices, a true and correct copy of which is hereunto attached and made part hereof, addressed to the following:

Date: 05/15/2007
Mailing: Sale Mail
Page: 2

| Number of Article | Name of Addressee, Street, and Post Office Address | Cert. Fee | R.R. Fee |
|---|---|---|---|
| | C/O THREE D ELECTRIC<br>1855 RAINBOW VALLEY BLVD<br>FALLBROOK, CA 92028 | | |
| 71006309264040366269 | DENNY JOHNSTON<br>2625 LAS PALMAS AVENUE<br>ESCONDIDO, CA 92025 | $4.36 | $1.85 |
| 71006309264040366276 | SHERILL JOHNSTON DUP<br>2625 LAS PALMAS AVENUE<br>ESCONDIDO, CA 92025 | $4.36 | $1.85 |
| 71006309264040366283 | DEREK SPIKER<br>2625 LAS PALMAS AVENUE<br>ESCONDIDO, CA 92025 | $4.36 | $1.85 |
| 71006309264040366290 | NICOLE SPIKER<br>2625 LAS PALMAS AVENUE<br>ESCONDIDO, CA 92025 | $4.36 | $1.85 |
| 71006309264040366306 | MICHAEL SPIKER<br>2625 LAS PALMAS AVENUE<br>ESCONDIDO, CA 92025 | $4.36 | $1.85 |
| 71006309264040366313 | NANCY SPIKER<br>2625 LAS PALMAS AVENUE<br>ESCONDIDO, CA 92025 | $4.36 | $1.85 |
| 71006309264040366320 | SHERILL LYNNE JOHNSTON<br>2625 LAS PALMAS AVENUE<br>ESCONDIDO, CA 92025 | $4.36 | $1.85 |
| 71006309264040366337 | DENNY JOHNSTON<br>1855 RAINBOW VALLEY BLVD. | $4.36 | $1.85 |
| | | $34.88 | $14.80 |

| Number of Pieces by Sender | Number of Pieces Received | Postmaster (Name) Receiving Employee | Mail By (Name) Sending Employee |
|---|---|---|---|
| 8 | | | James M. Allen Jr. |

I certify (or Declare) under penalty of perjury under the laws of the State of CA that the foregoing is true and correct

5-15-2007
(Date)

_____
(Declarant)

# Declaration of Mailing

Trustee's Sale No. 2006623

I,     JAMES ALLEN, Jr.    , declare:     ACTION FORECLOSURE SERVICES, INC.

That I am an officer, agent, or employee of   whose business address is   888 PROSPECT STREET, SUITE 201, LA JOLLA, CA 92037

I am over the age of eighteen years; On 05/15/2007 by Certified mail, enclosed in a sealed envelope with postage fully prepaid, I deposited in the United States Post Office at   SAN DIEGO

notices, a true and correct copy of which is hereunto attached and made part hereof, addressed to the following:

Date: 05/15/2007
Mailing: Sale Mail
Page: 3

| Number of Article | Name of Addressee, Street, and Post Office Address | Cert. Fee | R.R. Fee |
|---|---|---|---|
| | FALLBROOK, CA 92028 | | |
| 71006309264040366344 | SHERILL JOHNSTON<br>1855 RAINBOW VALLEY BLVD.<br>FALLBROOK, CA 92028 | $4.36 | $1.85 |
| 71006309264040366351 | NICOLE SPIKER<br>1855 RAINBOW VALLEY BLVD.<br>FALLBROOK, CA 92028 | $4.36 | $1.85 |
| 71006309264040366368 | TARGET NATIONAL BANK<br>C/O ESKANOS & ADLER<br>DONALD R. STEBBINS/JANET L. BROWN<br>KURTISS A. JACOBS/JEROME M. YALON 218950/84204<br>2325 CLAYTON ROAD<br>CONCORD, CA 94520 | $4.36 | $1.85 |
| 71006309264040366375 | STATE OF CALIFORNIA<br>EMPLOYMENT DEVELOPMENT DEPARTMENT<br>LIEN GROUP, MIC 92G<br>P.O. BOX 826880<br>SACRAMENTO, CA 94280-0001 | $4.36 | $1.85 |
| 71006309264040366382 | LAGUNA NIGUEL DISTRICT<br>INTERNAL REVENUE SERVICE<br>S:C:F:TS:W: AREA 14: GROUP 15<br>24000 AVILA ROAD, M/S 5905<br>LAGUNA NIGUEL, CA 92677-09608 | $4.36 | $1.85 |
| 71006309264040366399 | INTERNAL REVENUE SERVICE<br>STOP 5021/ADVISORY UNIT 1/RM 4062<br>300 N. LOS ANGELES STREET<br>LOS ANGELES, CA 90012<br>ATTN: TECHNICAL SUPPORT TERRITORY MGR | $4.36 | $1.85 |
| | | $26.16 | $11.10 |

| Number of Pieces by Sender | Number of Pieces Received | Postmaster (Name) Receiving Employee | Mail By (Name) Sending Employee |
|---|---|---|---|
| 6 | | | James Allen, Jr. |

I certify (or Declare) under penalty of perjury under the laws of the State of CA that the foregoing is true and correct

5-15-2007
(Date)

_____
(Declarant)

# Declaration of Mailing

Trustee's Sale No. 2006623

I,        JAMES ALLEN        , declare:

That I am an officer, agent, or employee of        ACTION FORECLOSURE SERVICES, INC.

whose business address is        888 PROSPECT STREET, SUITE 201, LA JOLLA, CA  92037

I am over the age of eighteen years; On  05/15/2007    by Certified    mail, enclosed in a sealed envelope with postage

fully prepaid, I deposited in the United States Post Office at        SAN DIEGO

notices, a true and correct copy of which is hereunto attached and made part hereof, addressed to the following:

Date:  05/15/2007

Mailing: ~~Sale Mail~~

Page:      4  Surplus

Proceeds

| Number of Article | Name of Addressee, Street, and Post Office Address | Cert. Fee | R.R. Fee |
|---|---|---|---|
| 71006309264040366405 | INTERNAL REVENUE SERVICE<br>P.O. BOX 145585 STOP 8420G<br>CINCINNATI, OH 45250-5585 | $4.36 | $1.85 |
| 71006309264040366412 | INDEPENDENT ELECTRIC SUPPLY, INC.<br>C/O CRF SOLUTIONS<br>P.O. BOX 1389<br>SIMI VALLEY, CA 93062 | $4.36 | $1.85 |
| 71006309264040366429 | M AND D ELECTRIC INC.<br>A CALIFORNIA CORPORATION<br>19773 RAMONA TRAILS<br>RAMONA, CA 92065 | $4.36 | $1.85 |
| 71006309264040366436 | LAGUNA NIGUEL DISTRICT/AREA 16<br>INTERNAL REVENUE SERVICE<br>24000 AVILA ROAD, STOP 5905<br>LAGUNA NIGUEL, CA 92677<br>ATTN: TECHNICAL SUPPORT TERRITORY MGR<br>ADVISOR: K. RIPP 702-868-5063 | $4.36 | $1.85 |
| 71006309264040366443 | CHARLES D. NACHAND<br>447 SOUTH ESCONDIDO BLVD.<br>ESCONDIDO, CA 92025 | $4.36 | $1.85 |
|  |  | $21.80 | $9.25 |

| Number of Pieces by Sender | Number of Pieces Received | Postmaster (Name) Receiving Employee | Mail By (Name) Sending Employee |
|---|---|---|---|
| 5 |  |  | James Allen, Jr |

I certify (or Declare) under penalty of perjury under the laws of the State of   CA that the foregoing is true and correct

5-15-2007
(Date)

_____
(Declarant)

# ATTACHMENT 11b

ATTACHMENT 11b

Petitioner alleges a potential conflict in the distribution of proceeds pursuant to Civil Code section 2924j(c).

Subsequent to a trustee's sale of real property, the proceeds from the sale must be distributed in accordance with Civil Code section 2924k. Pursuant to that statute any funds remaining after payment of the obligations secured by the deed of trust which is the subject of the trustee's sale are to be paid to satisfy any outstanding obligations secured by junior liens or encumbrances and then "to the trustor or the trustor's successor in interest. In the event the property is sold or transferred to another, to the vested owner of record at the time of the trustee's sale."

Petitioner conducted a Trustee's Sale of the real property located at vacant land in San Diego Cuunty on Julian Road East, Hwy. 78, under Assessors' Parcel Numbers 279-150-22 and 280-140-10 ("Subject Property"). The sale took place on May 4, 2007, under a Deed of Trust dated April 24, 2002, executed by:

> Denny Johnston and Sherrill Johnston, husband and wife, as joint tenants as to an undivided 1/3 interest and Derek Spiker and Nicole Spiker, husband and wife, as joint tenants as to an undivided 1/3 interest and Michael Spiker and Nancy Spiker, husband and wife, as joint tenants as to an undivided 1/3 interest, as tenants in common.

The Deed of Trust was recorded on April 26, 2002, as Instrument No. 2002-0355530, in the official records of San Diego, California.

As of the date of the Trustee's Sale, the Subject Property was owned by the trustors, with each couple maintaining a 1/3 interest in the Subject Property. As of the date of the Trustees Sale, the following interests were recorded against the Subject Property, in the order of their priority:

1.  A Deed of Trust in favor of <u>Sherill Lynn Johnston</u>, which was executed by Denny L. Johnston and which was recorded on February 3, 2005, as Instrument No. 2005-0092417 in the original amount of $409,190.00.

2.  An Abstract of Judgment in favor of <u>Target National Bank</u> against Derek M. Spiker, which was recorded on August 4, 2006, as Instrument Number 2006-0554180 in the original amount of $5,110.44.

3.  A Tax Lien in favor of the <u>State of California Employment Development Department</u> against Michael J. Spiker, which was recorded on January 6, 2006, as Instrument Number 2006-0013911 in the original amount of $51,778.37.

4.  A Tax Lien in favor of the <u>Department of the Treasury - Internal Revenue Service</u> against Michael J. Spiker, which was recorded on June 9, 2006, as Instrument

Number 2006-0411776 in the original amount of $151,155.77.

5.      A Tax Lien in favor of the <u>Department of the Treasury - Internal Revenue Service</u> against Nancy S. Spiker, which was recorded on June 9, 2006, as Instrument Number 2006-0411777 in the original amount of $151,155.77.

6.      An Abstract of Judgment in favor of <u>Independent Electric Supply, Inc</u>. against M and D Electric Supply Inc., which was recorded on November 13, 2006, as Instrument Number 2006-0804472 in the original amount of $5,130.00.

The Petitioner received a claim to the excess proceeds of the Trustee's Sale from the <u>Department of Treasury - Internal Revenue Service</u> on or about May 23, 2007, in the amount of $161,074.41, based on the tax liens against Michael J and Nancy S Spiker described in <u>paragraphs 4 and 5</u> above. A true and correct copy of the claim and the supporting documents are attached hereto as **Exhibit A** and are incorporated herein by reference.

The Petitioner received a claim to the excess proceeds of the Trustee's Sale from the <u>State of California Employment Development Department</u> on or about June 4, 2007, in the amount of $51,092.06, based on the tax lien against Michael Spiker described in <u>paragraph 3</u> above. A true and correct copy of the claim and the supporting documents are attached hereto as **Exhibit B** and are incorporated herein by reference.

The Petitioner received a claim to the excess proceeds of the Trustee's Sale from <u>Sherill Johnston</u> through her attorney Charles D. Nachand on or about June 13, 2007. Sherill Johnston claims the entire amount of surplus proceeds based on the Deed of Trust executed by Denny L. Johnston, which is described in <u>paragraph 1</u> above. A true and correct copy of the claim and the supporting documents are attached hereto as **Exhibit C** d are incorporated herein by reference.

The Petitioner did not receive a claim to the excess proceeds from Denny L. Johnston, the remaining four trustors under the foreclosing Deed of Trust, Target National Bank, or Independent Electric Supply, Inc.

A conflict exists because Sherill Johnston had a partial ownership interest in the Subject Property at the time she obtained the beneficial interest under the Deed of Trust executed by Denny L. Johnston. Moreover, it is unclear whether the Deed of Trust encumbers Denny Johnson's 1/6 interest in the Subject Property or both Denny and Sherill Johnstons' 1/3 interest in the Subject Property. Finally, Sherills Johnstons' claim asserts she has a right to priority distribution for payments she made in furtherance of the partnership between all trustors regarding the development of the Subject Property. Petitioner is unable to determine the validity of Sherrill Johnston's claim to the entire amount of surplus funds, as it is unclear whether her lien under the Deed of Trust merged with her title.

Based on the foregoing, the Petitioner is unable to disburse the remaining surplus proceeds of the Trustee's Sale to the listed claimants, Trustor(s) and/or to the vested owner of record at the time fo the Trustee's Sale.  The Petitioner is unable to determine which party is entitled to the remaining surplus funds.

Exhibit A



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
Washington, D.C. 20224

Name:    Action Foreclosure Services, Inc.
Address: 888 Prospect St., Suite 201
         La Jolla, CA 92037

Trustee's Sale #: 2006623
Attn: James M. Allen, Jr. - Chief Financial Officer

T/P's Name:    Michael J (9814) & Nancy S (3417) Spiker
               Derek M (7606) Spiker
               Vacant Land at Goose Valley Ln., Ramona
T/P's Address: Vacant Land at Rancho Vista Dr., Ramona

A Notice of Federal Tax Lien was filed in       San Diego County, CA
for the tax liabilities listed below:   Michael J & Nancy S Spiker

| | | | | Statutory Additions to: 05/04/2007 | | |
|---|---|---|---|---|---|---|
| Type of Tax | Tax Period | Identifying Number | Unpaid Balance | Interest | Penalty | Total |
| 6672 | 6/30/02 | xxx-xx-9814 | $  16,093.33 | $  2,018.44 | $  - | $  18,111.77 |
| 6672 | 12/31/02 | xxx-xx-9814 | $  16,871.08 | $  2,060.85 | $  - | $  18,931.93 |
| 6672 | 3/31/03 | xxx-xx-9814 | $  30,649.82 | $  3,743.93 | $  - | $  34,393.75 |
| 6672 | 6/30/03 | xxx-xx-9814 | $  30,024.23 | $  3,667.52 | $  - | $  33,691.75 |
| 6672 | 9/30/03 | xxx-xx-9814 | $  29,426.57 | $  3,594.51 | $  - | $  33,021.08 |
| 6672 | 12/31/03 | xxx-xx-9814 | $  6,286.80 | $  767.94 | $  - | $  7,054.74 |
| 6672 | 3/31/04 | xxx-xx-9814 | $  9,807.08 | $  1,197.96 | $  - | $  11,005.04 |
| 6672 | 6/30/04 | xxx-xx-9814 | $  4,334.84 | $  529.51 | $  - | $  4,864.35 |
| 6672 | 6/30/02 | xxx-xx-3417 | $  16,093.33 | $  2,018.44 | $  - | $  18,111.77 |
| 6672 | 12/31/02 | xxx-xx-3417 | $  16,871.08 | $  2,060.85 | $  - | $  18,931.93 |
| 6672 | 3/31/03 | xxx-xx-3417 | $  30,649.82 | $  3,743.93 | $  - | $  34,393.75 |
| 6672 | 6/30/03 | xxx-xx-3417 | $  30,024.23 | $  3,667.52 | $  - | $  33,691.75 |
| 6672 | 9/30/03 | xxx-xx-3417 | $  29,426.57 | $  3,594.51 | $  - | $  33,021.08 |
| 6672 | 12/31/03 | xxx-xx-3417 | $  6,286.80 | $  767.94 | $  - | $  7,054.74 |
| 6672 | 3/31/04 | xxx-xx-3417 | $  9,807.08 | $  1,197.96 | $  - | $  11,005.04 |
| 6672 | 6/30/04 | xxx-xx-3417 | $  4,334.84 | $  529.51 | $  - | $  - |
| | | | | | Total: | |

The following periods have been assessed but liens have not been filed: Derek M. Spiker

| | | | | Statutory Additions to: 05/04/2007 | | |
|---|---|---|---|---|---|---|
| Type of Tax | Tax Period | Identifying Number | Unpaid Balance | Interest | Penalty | Total |
| 6672 | 6/30/02 | xxx-xx-7606 | $  16,093.33 | $  1,992.07 | $  - | $  18,085.40 |
| 6672 | 12/31/02 | xxx-xx-7606 | $  16,871.08 | $  2,035.43 | $  - | $  18,906.51 |
| 6672 | 3/31/03 | xxx-xx-7606 | $  30,649.82 | $  3,697.80 | $  - | $  34,347.62 |
| 6672 | 6/30/03 | xxx-xx-7606 | $  30,024.23 | $  3,622.32 | $  - | $  33,646.55 |
| 6672 | 9/30/03 | xxx-xx-7606 | $  29,426.57 | $  3,550.22 | $  - | $  32,976.79 |
| 6672 | 12/31/03 | xxx-xx-7606 | $  6,286.80 | $  758.48 | $  - | $  7,045.28 |
| 6672 | 3/31/04 | xxx-xx-7606 | $  9,807.08 | $  1,183.19 | $  - | $  10,990.27 |
| 6672 | 6/30/04 | xxx-xx-7606 | $  4,334.84 | $  522.97 | $  - | $  4,857.81 |
| | | | | | Total: | |

The amount needed to release the lien is    $    161,074.41 .    **Total Owed:** _____
A Certificate of Release of Federal Tax Lien will be issued immediately only of payment is made by: 06/15/2007
    1. Cash; or 2. Certified or Cashier's check; or
    3. Treasurer's check drawn on a national/ state bank or trust company; or 4. Money Order

If the payment is made in any other form, the release will be delayed for 30 days or until evidence
is furnished that the funds have been transferred.

Please make payment payable to the United States Treasury and send it to:
**Internal Revenue Service, Advisory Unit**
**24000 Avila Road, M/S. 5905**
**Laguna Niguel, CA. 92677**
**Attn:**    D. Chambers

If you have any questions, please contact the person's whose name and telephone number
appear at the bottom of this letter. _____

Signature    Date: 0523/2007    Title: Group Manager, J. Carr    Telephone # 949-389-4124

# Exhibit B

 **Employment Development Department**
State of California



**Arnold Schwarzenegger, Governor**

June 4, 2007                                    Reference  415-0757-5


Action Foreclosure Services
888 Prospect Street     Suite 201
La Jolla, CA  92037
Attn:  J. M. Allen Jr.

### EXCESS PROCEEDS FROM TRUSTEE SALE

| | |
|---|---|
| Trustor | Michael J. Spiker |
| Trustee Sale # | 2006623 |
| Property Address: | N/A |
| Date Sold | 04-26-02 |

I, the undersigned claimant, request that I be awarded the excess proceeds resulting from the sale of the above referenced property.

I claim my status as a party of interest pursuant to Section 4675 of the California Revenue and Taxation Code.

I am a rightful claimant and base my status and right to file a claim on the following information and documentation:

<u>The Employment Development Department, State of California by its statutory power has created a lien for unpaid taxes against  Michael J. Spiker  San Diego  County California.</u>


| CERTIFICATE | RECORDED | BK-PG | TAXES | INT/PEN | BALANCE |
|---|---|---|---|---|---|
| M377579 | 01-06-06 | 06-0013911 | $32,465.50 | $18,626.56 | $51,092.06 |
| Assessment Date:  12-03-05 | | Quarters:    10-01-02  to  12-31-04 | | | |


CLAIM  TOTAL:     $51,092.06

I affirm under penalty that the foregoing is true and correct.

Executed the 4th day of June 2007 in Sacramento, California.

_____
L. Rebman          (916) 464-2064
Special Procedures Section

Employment Development Department
800 Capitol Mall Mic 92 H
Sacramento, CA  94230-6203


To ensure proper application of payments, please remit a copy of this letter.

# Exhibit C

# The Law Offices of Charles D. Nachand

451 South Escondido Boulevard
Escondido, California 92025-4813
Telephone: (760) 741-2665
Facsimile: (760) 741-0396

James M. Allen, Jr.                                    June 13, 2007
Action Foreclosure Services
888 Prospect Street, Suite 201
La Jolla, California 92037

Re:    <u>Loan No. Spiker/Johnston; File No. 2006623</u>    STATEMENT OF CLAIM

Dear Mr. Allen:

This letter with attachments constitutes the claim by Sherill Johnston for the surplus sales proceeds from the foreclosure sale and as referenced in your Notice to Potential Claimant. The following facts pertain to Ms. Johnston's claim for priority distribution of the surplus sales proceeds:

1.    Sherill Johnston, Denny Johnston, Michael Spiker, Nancy Spiker, Derek Spiker, and Nicole Spiker were the record owners of fractional interests in the subject property.

2.    Those individuals are members in a partnership arrangement created by oral agreement for the purchase and partial development of the property. The partnership has no outside obligations and no debts and no claim to any distribution of the surplus sales proceeds, except as to the requirements on advances identified herein (or as reserved outside of this demand below), and neither Ms. Johnston nor the partnership is liable for any outside or third party individual debts of the owners of the other fractional interests in the subject property.

3.    During the ownership of the property, Ms. Johnston personally paid debts/advanced payment for the benefit of and relating to the property, with the knowledge of and at the request of the other partner/owners, which otherwise would have been paid by all of the participants, and were in excess of her personal share thereof relating to the property. She is due a priority distribution in reimbursement of those sums.

4.    As part of the development of the property, an additional 20 acres of land were purchased (APN 286-182-19) in order to provide access to the subject property. Once that access had been granted, the 20 acre parcel was sold. As per the above (knowledge, notice and request) Ms. Johnston paid/advanced additional sums relating to that purchase and is entitled to priority reimbursement of that amount.

5.    Ms. Johnston has obtained against Denny Johnston a money judgment, note and deed of trust secured by his interest in the subject property, which is more than sufficient to give her all right, title and interest to any distributions of any amount otherwise due to Denny Johnston. The judgment was obtained, and an abstract filed, prior to any other debts, liens or claims against Denny Johnston. Accordingly, because the amount of the judgment/note far exceeds any distribution to which Denny Johnston could be entitled, Ms. Johnson is entitled to direct payment of the one-sixth share of Denny Johnston before any payment to any other creditors of Denny Johnston.

Sherill Johnston claims the following amounts for distribution directly to her from the surplus sales proceeds which you are currently holding:

1.      The amount of $16,720.80 as a priority distribution, before payment of any other liens or debts to any person or entity or an any "share" or interest in the property as reimbursement of the sums she paid on debts of the property in excess of her liability for such debts as a one-sixth owner. Documentation of the amount claimed is attached as Exhibit A hereto.

2.      The amount of $8,420.89 as a priority distribution, before payment of any other liens or debts as reimbursement of the sums she personally paid with regard to the 20 acre parcel which was necessary for obtaining access for the subject property.

3.      Her (Sherill Johnston) one-sixth share of the remainder of the surplus sales proceeds, after payment of the amounts listed in paragraphs 1 and 2 above, prior to the payment of any debts, liens or judgments of the other fractional owners.

4.      The one-sixth share of Denny Johnston of the remainder of the surplus sales proceeds, after payment of the amounts listed in paragraphs 1 and 2 above, prior to the payment of any debts, liens or judgments of the other fractional owners. A copy of the Abstract of Judgment recorded on May 26, 2005, in the amount of $409,190.00 is attached. The judgment accrues interest at the legal rate, currently the amount of $92,749.73, for a total judgment of $501,939.73. Copies of the Note and Deed of Trust secured by the subject property are attached.

If you intend to distribute the monies otherwise, demand is made that you provide notice in advance thereof in order to allow appropriate action on behalf of Sherill Johnston. The foregoing claims are submitted as accurate obligations and demands but may not represent the entire amount due, which further obligations are not waived to the extent that they exist outside of the scope of this demand. However, they are not made or asserted as to your sale proceeds.

On behalf of Sherill Johnston, this claim is delivered to you at the address in the Notice to Claimant no later than 30 days after the date of said notice.

Very truly yours,

LAW OFFICES OF CHARLES D. NACHAND

Charles D. Nachand

CDN/km
Enclosures

I declare that the foregoing is true and correct to the best of my knowledge. Executed at Escondido, California on June 14, 2007.

Sherill Johnston

DO NOT DESTROY THIS NOTE: When paid, this note and the Deed of Trust must be surrendered to the First American Title Insurance Company with request for reconveyance.

# STRAIGHT NOTE

$ 409,190.00                    San Diego                , California, January 07, 2005

On or before January 07, 2010                                                    *after date,*

for value received, Denny L. Johnston                                         promise s to pay

to Sherill Lynne Johnston

_____, or order,

at        Beneficiary's Designation

the sum of FOUR HUNDRED NINE THOUSAND ONE HUNDRED AND NINETY DOLLARS AND no/100's Dollars,

*with interest from*                                        *until paid, at the rate of*

*per cent per annum,* payable upon sale of property located at: Julian Rd/E. Hwy 78 including Parcel #s 279-150-22; 280-140-10; 286-181-01 and 286-182-19; as more particularly described in full legal descriptions attached to this note.

OR: January 07, 2010; whichever occurs first.

Should interest not be so paid, it shall thereafter bear like interest as the principal, but such unpaid interest so compounded shall not exceed an amount equal to simple interest on the unpaid principal at the maximum rate permitted by law. Should default be made in the payment of any installment of interest when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Should suit be commenced to collect this note or any portion thereof, such sum as the Court may deem reasonable shall be added hereto as attorney's fees. Principal and interest payable in lawful money of the United States of America. This note is secured by a certain DEED OF TRUST to the FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation, as TRUSTEE.

Denny L. Johnston

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _San Diego_          } ss.

On _6-14-04_ before me, _Kristine A Merel Notary Public_
                Date                      Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared _Sherill_
                          Name(s) of Signer(s)

☐ personally known to me
☑ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**KRISTINE A. MEREL**
**Commission # 1463207**
**Notary Public - California**
**San Diego County**
**My Comm. Expires Jan 16, 2008**

WITNESS my hand and official seal.

_Kristine A Merel_
Signature of Notary Public

─────────────── **OPTIONAL** ───────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

### Description of Attached Document

Title or Type of Document: _Letter to James M. Allen, JP._

Document Date: _6-13-04_                    Number of Pages: _6_

Signer(s) Other Than Named Above: _____

### Capacity(ies) Claimed by Signer

Signer's Name: _____

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

| RIGHT THUMBPRINT OF SIGNER |
| --- |
| Top of thumb here |

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org        Prod. No. 5907        Reorder: Call Toll-Free 1-800-876-6827

Order No.
Escrow No.
Loan No.

WHEN RECORDED MAIL TO:

Sherill Lynne Johnston
2625 Las Palmas Avenue
Escondido, CA 92025

THE ORIGINAL OF THIS DOCUMENT
WAS RECORDED ON FEB 03, 2005
DOCUMENT NUMBER 2005-0092417
GREGORY J. SMITH, COUNTY RECORDER
SAN DIEGO COUNTY RECORDER'S OFFICE
TIME: 9:58 AM

SPACE ABOVE THIS ___

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
## (SHORT FORM)

This DEED OF TRUST, made    January 07, 2005                                    , between

DENNY L. JOHNSTON                                    herein called TRUSTOR,

whose address is        521 Pine Tree Place        Escondido, CA    92025
                        (Number and Street)              (City)              (State)        ,

FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation, herein called TRUSTEE, and

        Sherill Lynne Johnston                            , herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in trust, with power of sale, that property in the County of San Diego, State of California, consisting of 4-Parcels as follows: 279-150-22; 280-140-10; 286-181-01 & 286-182-19,              County of    SAN DIEGO        , State of California, described as:

as more particularly described in full legal descriptions, attached hereto and made a part hereof.

together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of $   $ 409,190.00                    with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A, and it is mutually agreed that each and all of the terms and provisions set forth in subdivision B of the fictitious deed of trust recorded in Orange County August 17, 1964, and in all other counties August 18, 1964, in the book

## (continued on reverse side)

1158 (1/84)

and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 5039 | 124 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego | SERIES 5 | | Book 1964, Page 149774 | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties, and printed on pages 3 and 4 hereof) are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge therefor does not exceed the maximum allowed by law.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

STATE OF CALIFORNIA }
COUNTY OF _SAN DIEGO_ } ss.

On _JANUARY 20 2005_ before me,
_BERNADETTE G. TAGLE A NOTARY PUBLIC_
personally appeared _DENNY L. JOHNSTON_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Bernadette G. Tagle_

_Signature of Trustor_

Denny L. Johnston

BERNADETTE G. TAGLE
Commission # 1373521
Notary Public - California
San Diego County
My Comm. Expires Sep 8, 2006

(This area for official notarial seal)

(continued on next page)

1158 (1/94)
Page 2 of 4

EJ-001

DOC # 2005-0443201

MAY 26, 2005    10:04 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:        13.00
PAGES:          2    NOTICES:      1

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address):    TEL NO.: (760) 489-8516
Recording requested by and return to:

Sherill Johnston
2625 Las Palmas Avenue
Escondido, CA 92025

☐ ATTORNEY FOR    ☐ JUDGMENT CREDITOR    ☐ ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3294
☐ FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92123-1187
☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92081-6643
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92020-3841
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3841
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 91606-5280
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF: Denny Lee Johnston

DEFENDANT: Sherill Lynne Johnston

ABSTRACT OF JUDGMENT    ☐ Amended

CASE NUMBER:
DN 132 150 SDB
FOR COURT USE ONLY

1. The ☒ judgment creditor ☐ assignee of record
applies for an abstract of judgment and represents the following:
a. Judgment debtor's

Name and last known address
Denny Lee Johnston
521 Pine Tree Place
Escondido, CA 92025

b. Driver's license No. and state: N233 1967    CA    ☐ Unknown
c. Social security No.: 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    ☐ Unknown
d. Summons or notice of entry of sister-state judgment was personally served or
mailed to (name and address):

e. ☐ Original abstract recorded in this county:
(1) Date:
(2) Instrument No.:

f. ☐ Information on additional judgment debtors is shown on page two.

Date: 5/19/05

Sherill Johnston
(TYPE OR PRINT NAME)

Sherill Johnston
(SIGNATURE OF APPLICANT OR ATTORNEY)

2. a. ☒ I certify that the following is a true and correct abstract
of the judgment entered in this action.
b. ☐ A certified copy of the judgment is attached.

3. Judgment creditor (name and address):
Sherill Lynne Johnston
2625 Las Palmas Avenue, Escondido CA 92025

4. Judgment debtor (full name as it appears in judgment):
Denny Lee Johnston

5. a. Judgment entered on
(date): 3/9/05
b. Renewal entered on
(date):

This abstract issued on (date):
MAY 2 5 2005

6. Total amount of judgment as entered or last renewed:
$ 409,190.00

7. ☐ An ☐ execution lien ☒ attachment lien
is endorsed on the judgment as follows:
a. Amount: $ 409,190.00
b. In favor of (name and address):
Sherill Lynne Johnston
2625 Las Palmas Avenue
Escondido, CA 92025

8. A stay of enforcement has
a. ☒ not been ordered by the court.
b. ☐ been ordered by the court effective until
(date):

9. ☐ This judgment is an installment judgment.

Clerk, by _____, Deputy
E. ROBERTS

ABSTRACT OF JUDGMENT
(CIVIL)

Mandatory Use
of California
ary 1, 2003]

Page 1 of 2
Code of Civil Procedure, §§ 488.480
674, 700.190

# ATTACHMENT 13

1  JOHN D. DUNCAN (CA SBN 179560)
   PETER J. SALMON (CA SBN 174386)
2  LAUREL I. HANDLEY (CA SBN 231249)
   PITE DUNCAN, LLP
3  525 E. Main Street
   P.O. Box 12289
4  El Cajon, CA 92022-2289
   Telephone: (619) 590-1300
5  Facsimile: (619) 590-1385

6  Attorneys for Petitioner Action Foreclosure Services, Inc.

7

8                    SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF SAN DIEGO - NORTH COUNTY

10

11 | IN RE:                                    | Case No.:

12 | VACANT LAND LOCATED IN SAN
    | DIEGO COUNTY APNS 279-150-22 AND          | PROOF OF SERVICE
    | 280-140-10

13

14

15       I, the undersigned, declare: I am, and was at the time of service of the papers herein referred
    to, over the age of 18 years, and not a party to this action. My business address is 525 East Main
16  Street, El Cajon, California 92020.

17       On December 12, 2007, I served the following documents:

18       1.    **PETITION AND DECLARATION REGARDING UNRESOLVED CLAIMS
               AND DEPOSIT OF UNDISTRIBUTED SURPLUS PROCEEDS OF
               TRUSTEE'S SALE**
19
         2.    **NOTICE OF PETITION TO SUPERIOR COURT TO DEPOSIT SURPLUS
20             FUNDS**

21       3.    **CIVIL CASE COVER SHEET**

22       4.    **ORDER TO DEPOSIT SURPLUS FUNDS**

23
    on the parties in this action addressed as follows:
24
    Denny Johnston                          Denny Johnston
25  C/O Taylor Pipeline, Inc.               44913 Silver Rose Street
    2625 Las Palmas Avenue                  Temecula, CA 92592
26  Escondido, CA 92025

27  Derek Spiker                            Derek Spiker
    1855 Rainbow Valley Blvd.               19773 Ramona Trails Drive
28  Fallbrook, CA 92028                     Ramona, CA 92065

| | |
|---|---|
| 1 | Michael Spiker<br>1855 Rainbow Valley Blvd. | Nancy Spiker<br>1855 Rainbow Valley Blvd. |
| 2 | Fallbrook, CA 92028 | Fallbrook, CA 92028 |
| 3 | Nicole Spiker<br>19773 Ramona Trails Drive | Sherill Johnston<br>2625 Las Palmas Avenue |
| 4 | Ramona, CA 92065 | Escondido, CA 92025 |
| 5 | Nicole Spiker<br>C/O Three D Electric | Denny Johnston<br>2625 Las Palmas Avenue |
| 6 | 1855 Rainbow Valley Blvd<br>Fallbrook, CA 92028 | Escondido, CA 92025 |
| 7 | | |
| 8 | Derek Spiker<br>2625 Las Palmas Avenue | Nicole Spiker<br>2625 Las Palmas Avenue |
| 9 | Escondido, CA 92025 | Escondido, CA 92025 |
| 10 | Michael Spiker<br>2625 Las Palmas Avenue | Nancy Spiker<br>2625 Las Palmas Avenue |
| 11 | Escondido, CA 92025 | Escondido, CA 92025 |
| 12 | Sherill Lynne Johnston<br>2625 Las Palmas Avenue | Denny Johnston<br>1855 Rainbow Valley Blvd. |
| 13 | Escondido, CA 92025 | Fallbrook, CA 92028 |
| 14 | Sherill Johnston<br>1855 Rainbow Valley Blvd. | Nicole Spiker<br>1855 Rainbow Valley Blvd. |
| 15 | Fallbrook, CA 92028 | Fallbrook, CA 92028 |
| 16 | Target National Bank<br>C/O Eskanos & Adler | State of California Employment Development<br>Department |
| 17 | Donal R. Stebbins/Janet L. Brown<br>Kurtiss A. Jacobs/Jerome M. Yalon<br>218950/84204 | Lien Group, MIC 92G<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 |
| 18 | 2325 Clayton Road<br>Concord, CA 94520 | |
| 19 | | |
| 20 | Laguna Niguel District<br>Internal Revenue Service | Internal Revenue Service<br>Stop 5021/ Advisory Unit 1/RM 4062 |
| 21 | S:C:F:TS:W:AREA 14:GROUP 15<br>24000 Avila Road, M/S 5905 | 300 N. Los Angeles Street<br>Los Angeles, CA 90012 |
| 22 | Laguna Niguel, CA 92677 | Attn: Technical Support Territory Mgr. |
| 23 | Internal Revenue Service<br>Post Office Box 145585 Stop 8420G | Independent Electric Supply, Inc.<br>C/O CRF Solutions |
| 24 | Cincinnati, OH 45250 | Post Office Box 1389<br>Simi Valley, CA 93062 |
| 25 | M and D Electric Inc. | Laguna Nigel District/Area 16 |
| 26 | A California Corporation<br>19773 Ramona Trails | Internal Revenue Service<br>24000 Avila Road, Stop 5905 |
| 27 | Ramona, CA 92065 | Laguna Nigel, CA 92677<br>Attn: Technical Support Territory Mgr |
| 28 | Charles D. Nachand<br>The Law Offices of Charles D. Nachand<br>447 South Escondido Blvd.<br>Escondido, CA 92025 | Advisor: K. Ripp 702-868-5063 |

1418022.wpd

1   Charles D. Nachand                                    Employment Development Department
    The Law Offices of Charles D. Nachand                 800 Capitol Mall Mic 92 H
2   451 South Escondido Boulevard                         Sacramento, CA 94230
    Escondido, CA 92025-4813
3

4

    __X__ **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above. I am
5   readily familiar with the firm's practice of collection and processing correspondence for
    mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course
6   of business. I am aware that on motion of party served, service is presumed invalid if postal
    cancellation date or postage meter date is more than one day after date of deposit for mailing
7   in affidavit.

8   ___    **BY CERTIFIED MAIL:** I placed a true copy in a sealed envelope addressed as indicated
           above via certified mail, return receipt requested.
9

    ___    **BY FACSIMILE:** I personally sent to the addressee's facsimile number a true copy of the
10         above-described document(s). I verified transmission with a confirmation printed out by the
           facsimile machine used. Thereafter, I placed a true copy in a sealed envelope addressed and
11         mailed as indicated above.

12  ___    **BY FEDERAL EXPRESS:** I placed a true copy in a sealed Federal Express envelope
           addressed as indicated above. I am familiar with the firm's practice of collection and
13         processing correspondence for Federal Express delivery and that the documents served are
           deposited with Federal Express this date for overnight delivery.
14
        I declare under penalty of perjury under the laws of the State of California that the foregoing
15  is true and correct.

16      Executed on <u>December 12, 2007</u>, at El Cajon, California.

17

18                                              ROSALYNN B. SALARDA
19

20

21

22

23

24

25

26

27

28

1418022.wpd